Filed 3/4/15  P. v. White CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B254400 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA415440) |
| v. | |
| CALVIN R. WHITE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Jose I. Sandoval, Judge.  Affirmed as modified.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Shawn McGahey Webb and Ryan M. Smith, for Plaintiff and Respondent.

_____

Defendant Calvin R. White appeals from the judgment entered following his plea of no contest to the charge of sale of cocaine base. He contends: (1) the plea was not knowing and intelligent and (2) imposition of a $300 restitution fine was a violation of the prohibition against ex post facto laws. In addition, defendant contends, the People concede and we agree that the trial court erred in staying rather than striking certain enhancements. We modify the judgment to strike rather than stay the enhancements and to reduce the restitution and parole revocation fines. In all other respects, the judgment is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are gleaned from the evidence presented at the preliminary hearing. On August 21, 2013, defendant gave an undercover police officer a bindle of cocaine base in exchange for $20. The bindle weighed .71 gross grams.

Defendant was charged by information with sale of cocaine base (Health & Saf. Code, § 11352, subd. (a)); multiple prior conviction enhancements were alleged pursuant to Health and Safety Code section 1170.2, subdivision (a), Penal Code section 667.5, subdivision (b) and the Three Strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).[1] Defendant pled not guilty.

Defendant's motion to strike the priors alleged pursuant to the Three Strikes law (see *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) was heard on January 16, 2014. After his *Romero* motion was granted, defendant pled no contest to the substantive charge and admitted the alleged priors in exchange for a six-year sentence comprised of the five year high-term, plus one year for one of the Penal Code section 667.5, subdivision (b) prior prison term enhancements; the remaining enhancements were stayed. Among other fines, a $300 restitution fine was imposed pursuant to Penal Code section 1202.4, subdivision (b). According to the minute order, defendant's sentence was to be served in county jail, but the Reporter's Transcript of the hearing reveals that

---

[1] All future undesignated statutory references are to the Penal Code.

2

defendant was advised that he might be ineligible for county jail as a result of his prior convictions.

On January 28, 2014, the trial court informed defendant that his six-year sentence had to be served in state prison, not county jail. Defendant's motion to withdraw his plea was denied. Except for the county jail provision, the trial court imposed an identical sentence to the one imposed on January 16, including the $300 restitution fine. Defendant obtained a certificate of probable cause and timely appealed.

## DISCUSSION

### A. *Denial of Defendant's Motion to Withdraw His Guilty Plea Was Not an Abuse of Discretion*

Defendant contends it was an abuse of discretion for the trial court to deny his motion to withdraw his plea after he was informed that his sentence would have to be served in state prison rather than local custody. He argues that his plea was not knowing and informed because it was based on his mistaken belief that he could serve his sentence in local custody, the basis of which was incorrect information provided by the trial court and prosecutor. We disagree.

We review denial of a defendant's motion to withdraw his or her guilty plea for abuse of discretion. (*People v. Alexander* (2015) 233 Cal.App.4th 313, 318.)

To be valid, a plea bargain must be made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon those rights; and it must be voluntary " ' " 'in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception.' " ' [Citations.]." (*People v. Collins* (2001) 26 Cal.4th 297, 305.) " 'A defendant may move the trial court to set aside a guilty plea for good cause at any time before the entry of judgment. (Pen. Code, § 1018.) "Good cause" means mistake, ignorance, fraud, duress or any other factor that overcomes the exercise of free judgment and must be shown by clear and convincing evidence. [Citation.]" (*Alexander, supra*, 233 Cal.App.4th at p. 318.) Whether there is

3

good cause is a factual question which we review for substantial evidence. (See *People v. Ravaux* (2006) 142 Cal.App.4th 914, 917.)

In evaluating good cause based on a claimed inadequate advisement of the consequences of a plea, *People v. Paredes* (2008) 160 Cal.App.4th 496, 507 (*Paredes*), offers guidance. The defendant in *Paredes* was a legal permanent resident of the United States when he pled guilty to voluntary manslaughter in 1987. The written plea agreement included the following: "Court agrees to [a] Judicial Recommendation Against Deportation." (*Id*. at p. 500.) Known as a JRAD, such a recommendation prevented federal authorities from deporting the defendant under extant federal law. (*Id*. at p. 501, fn. 3; former 8 U.S.C. section 1251(b).) Notwithstanding the JRAD, the defendant was informed both by the sentencing trial court and in the written plea form that deportation might be a consequence of his guilty plea. (*Id*. at p. 500.) When the Department of Homeland Security initiated removal proceedings against the defendant after he applied for citizenship in 2004, the defendant discovered that federal law had changed and the JRAD no longer precluded his deportation based on the 1987 conviction.[2] The defendant moved to withdraw his guilty plea on the grounds that the People had breached a "no deportation" promise in the agreement, and requested that he be sentenced to 364 days in jail on the theory that a sentence of less than one year might protect him from deportation. (*Id*. at p. 499.) The trial court granted the motion. (*Id*. at p. 505.) The appellate court reversed, reasoning that the JRAD which the defendant received in accordance with the bargain was not equivalent to a "no deportation" promise and the defendant was informed that deportation was a possible consequence of a guilty plea. (*Id*. at p. 498.)

Here, over the People's objection, the trial court made the following offer: "Following the grant of that *Romero* motion, I offered the defendant should he like to,

---

[2]    In 1988, Congress amended 8 United States Code section 1251(b) such that an alien convicted of an "aggravated felony" could be deported; in 1990, Congress repealed the JRAD statute; and in 1996, Congress expanded "aggravated felony" to include voluntary manslaughter. (*Paredes, supra*, 160 Cal.App.4th at p. 509.)

and its entirely up to him, plead open to the court I will sentence him to the high term of five years and impose one of the five year prison priors for a total *state prison sentence* of six years." (Italics added.) Defendant agreed to this proposed plea bargain before there was any mention of county jail. After the prosecutor explained that defendant faced a maximum of 19 years and the plea bargain was for six years, defendant indicated his understanding of the bargain and that he had no questions. There had still been no mention of county jail. The subject of county jail was introduced immediately before defendant was advised of the consequences of his plea, as reflected in the following colloquy:

"[THE PROSECUTOR]: . . . Your Honor, this is going to be a local custody. [¶] THE COURT: My understanding is based on realignment, yes, this will be prison served in local custody. [¶] [DEFENSE COUNSEL]: I believe it will be – because of the prior 211 conviction that he would have to serve it in state prison even though he's not admitting – well even though the court is striking it. [¶] [THE PROSECUTOR]: It's my understanding it's going to be served in local custody. [¶] THE COURT: In local custody? [¶] [THE PROSECUTOR]: Yes. [¶] THE COURT: That's my understanding. [¶] [DEFENSE COUNSEL]: That's fine. [¶] THE COURT: It may bounce back to me. [Defense counsel] just for the record raised a good point. To be fair there's a fair amount of flux in post realignment sentencing. I believe this is local custody. It may be sent to state prison. I just want you to be aware of that [defendant]. We believe this will be a local custody. You got two lawyers and a judge here, we believe its local custody.[3] We may be incorrect so I just want to let you know that maybe you'll be serving this in prison. I do not believe that's accurate, but I just want to alert you of that. [¶] THE DEFENDANT: Thank you, Your Honor."

The record is thus clear that defendant was expressly warned that a prison sentence was one possible consequence of his plea. As such, the record shows he entered into the plea bargain voluntarily, with a full awareness of the consequences of his plea,

---

**3** This was not quite accurate, since defense counsel had moments before stated his belief that defendant did not qualify for local custody.

including the possibility that he might have to serve his sentence in prison rather than county jail.

Even assuming, for the sake of argument, that defendant was misinformed (which we do not believe he was), he has not shown the requisite prejudice. It is the defendant's burden to show that he would not have accepted the plea had he had accurate information. (*People v. Miralrio* (2008) 167 Cal.App.4th 448, 462-463.) The possibility of a county jail term was broached only after defendant indicated his agreement to plead guilty in exchange for a six-year state prison term. From defense counsel's comments to the effect that he believed defendant was ineligible for a county jail sentence, it is reasonable to infer that defendant originally accepted the plea bargain believing he might be sentenced to state prison. It is thus not reasonably probable defendant would have not accepted the bargain had he known prison was a certainty.

### B.     *The Restitution Fine Must be Corrected to $280*

Defendant contends the trial court erred when it imposed an incorrect restitution fine of $300 (§ 1202.4, subd. (b)) for a crime that occurred on August 21, 2013, at which time the minimum fine was $280, not $300. He argues that the trial court's comments indicate it intended to impose the minimum fine. We agree.

#### 1.     Forfeiture

Failure to object to the restitution fine at or before sentencing, including on ex post facto grounds, constitutes a forfeiture of the issue for appeal. (*People v Martinez* (2014) 226 Cal.App.4th 1169, 1189; *People v. Villalobos* (2012) 54 Cal.4th 177, 182; *People v. White* (1997) 55 Cal.App.4th 914, 916-917.) But in *Martinez, supra*, at pages 1189-1190, the court found ineffective assistance of counsel where defense counsel failed to object to the trial court's calculation of the restitution fine using a minimum amount that came into effect after the defendant committed the offense of which he was convicted. "On the record before us . . . it appears more than likely that the court would have imposed the restitution fund fine using the $200 minimum that was in effect when appellant committed his crimes had counsel raised an objection at the sentencing hearing.

6

Accordingly, we conclude that trial counsel's performance was deficient." (*Id*. at p. 1190.)

Here, although defendant's failure to object to the amount or manner of the fine constitutes a forfeiture of the issue on appeal, we elect to address the issue to forestall a petition for writ of habeas corpus based on a claim of ineffective assistance of counsel. (See *People v. Williams* (2000) 78 Cal.App.4th 1118, 1126 [court addresses waived issue "to forestall a petition for writ of habeas corpus based on a claim of ineffectual counsel"]; see also *People v. Williams* (1998) 17 Cal.4th 148, 161-162, fn. 6 [" 'The fact that a party, by failing to raise an issue below, may forfeit the right to raise the issue on appeal does not mean that an appellate court is precluded from considering the issue.' [Citation.]"].)

2.     The Correct Amount of the Restitution Fine was $280

Section 1202.4, subdivision (b)(1) (§ 1202.4(b)(1)) reads: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than . . . two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000). . . . [¶] (2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." The applicable amount of a restitution fine is calculated as of the date of the offense. (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30.)

In *Martinez, supra*, the offenses were committed in June 2011, at which time the minimum restitution fine was $200. When the defendant was sentenced on January 25, 2013, the minimum restitution fine was $280 and it was this amount the trial court

7

mistakenly used to calculate the defendant's restitution fine. (*Martinez, supra,* 226 Cal.App.4th at pp. 1188-1189.) Finding it "more than likely that the court would have imposed the restitution fund fine using the $200 minimum that was in effect when appellant committed his crimes had counsel raised an objection at the sentencing hearing," the appellate court recalculated the restitution fine using the statutory formula and modified the judgment to reflect a restitution fine (and concomitant § 1202.45 parole revocation fine) in that amount. (*Id*. at p. 1190.)

The facts of this case are almost identical to those in *Martinez*, but for the dates. Here, the statutory minimum when defendant committed the charged offense in August 2013 was $280. (§ 1202.4(b)(1).) The amount of the restitution fine was discussed in the following colloquy at the January 16 hearing: "[THE PROSECUTOR]: . . . In addition to your sentence, the court is going to impose a restitution fine on you[.] Those range[] from [$]280 to $10,000. [¶] THE COURT: If I may intercede. I believe following January 1[, 2014,] the base line minimum for the restitution fine has been raised to $300. [¶] [THE PROSECUTOR]: Thank you, Your Honor. [¶] THE COURT: Just want to make sure he's aware. [¶] [THE PROSECUTOR]: I misspoke. Those fines range from $300 to $10,000." Without objection, the trial court imposed a $300 fine, which was $20 more than the minimum but substantially less than the statutory maximum.

As in *Martinez, supra*, the trial court's comments here suggest it intended to impose the minimum fine, which it mistakenly believed was $300, not $280. We modify the judgment to reflect restitution and the concomitant parole revocation fines in that amount. (226 Cal.App.4th at p. 1191.)

## C.    *The Enhancements Should Have Been Stricken, Not Stayed*

Defendant contends and the People concede that the trial court exceeded its jurisdiction in staying rather than striking the enhancements alleged under Penal Code section 667.5, subdivision (b), and Health and Safety Code section 11370.2, subdivision (a). We agree.

8

Enhancements alleged under Penal Code section 667.5, subdivision (b), and Health and Safety Code section 11370.2, subdivision (a) and found true must either be imposed or stricken in the furtherance of justice pursuant to section 1385.  (*People v. McCray* (2006) 144 Cal.App.4th 258, 267-268.)  Section 1385 requires that the reasons for doing so be stated orally on the record and set forth in the minutes.  (*People v. Bonnetta* (2009) 46 Cal.4th 143, 151.)  Although the requirement is mandatory, failure to state reasons for a dismissal that implements a plea bargain does not require reversal.  In *Bonnetta*, our Supreme Court explained:  "[A] trial court's failure to set forth its reasons for a dismissal on the written record will not lead to reversal when it implements a plea bargain between the district attorney and the defendant.  As we recognized in [citations], the district attorney would not appeal from such an order.  And because the purpose of the statutory requirement is to protect the public, not the defendant, it has been held that a defendant may not complain that the requirement has not been met.  [Citation.]"  (*Id.* at p. 153, fn. 5.)

Here, the trial court stayed the enhancements in order to effectuate the plea bargain.  The proper procedure was to strike the enhancements.  We modify the judgment accordingly.

## DISPOSITION

The trial court is directed to modify the abstract of judgment to:  (1) reflect a $280 restitution fine in accordance with section 1202.4 and a $280 parole revocation fine in accordance with section 1202.45 as applicable on the date of the crime and (2) strike the enhancements alleged under Penal Code section 667.5, subdivision (b), and Health and Safety Code section 11370.2, subdivision (a) which were previously stayed.  In all other

9

respects, the judgment is affirmed.  The trial court shall send certified copies of the amended abstract to the Department of Corrections and Rehabilitation.


                                                                RUBIN, J.
WE CONCUR:



            BIGELOW, P. J.



            FLIER, J.