1/16/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICKEY LANE ALEXANDER, II,<br><br>    Defendant and Appellant. | B256482<br><br>(Los Angeles County Super. Ct.<br> No. YA088935) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Leslie Brown, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, Richard B. Lennon, Staff Attorney, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, and Nathan Guttman, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Rickey Lane Alexander, II, appeals from his conviction for possession of a controlled substance (Health & Saf. Code, § 11350)[1] following his plea of no contest.

Defendant contends that the 16 month county jail sentence ultimately imposed by the trial court is illegal because his punishment was in excess of the plea agreement. Defendant requests that we reverse the judgment and order him "returned to the *status quo ante* prior to the sentencing, and if the court cannot fashion a sentence that meets [defendant's] approval, to allow [defendant] to withdraw from the plea."

We affirm the judgment.

## PROCEDURAL HISTORY[2]

A felony complaint charged defendant with possession of methamphetamine for sale (§ 11378 [count 1]), and possession of oxycodone for sale (§ 11351 [count 2]). He pled not guilty on both counts.

Defendant's case was transferred to drug court for evaluation. The possession for sale charges disqualified defendant from drug court, so the case was transferred back to trial court.

Once returned to the trial court, defendant entered into a plea agreement, in which he agreed to plead no contest to a violation of section 11350, subdivision (a).[3] In return for the plea, defendant would be referred to drug court, and the possession for sale

---

[1] All further statutory references are to the Health and Safety Code, unless otherwise specified.

[2] The facts of the case are not relevant to the appeal, so we do not recount them here.

[3] The complaint was amended on the prosecution's motion to include a charge of possession of a controlled substance (§ 11350, subd. (a)) in count 3.

charges would be dismissed.  In the written waiver of rights form signed by defendant, he was advised that the offense carried a maximum term of three years in custody.

The trial court explained the court's understanding that defendant would enter a no contest plea to possession of a controlled substance and the case would be referred to drug court.  Defendant agreed to the terms of the plea agreement and confirmed that no other promises had been made to him.  He was advised of his rights.  The prosecutor stated, "Okay, you're going to be considered for drug court.  Assuming you get into drug court -- and it will be a minimum nine months, but more likely a year, and it would be either live-in or outpatient -- if you're successful in completing it, then your case here you're pleading to will be dismissed."  Defendant confirmed that he had initialed the written plea waiver form with his attorney, and that he understood everything it included.  Defendant pled no contest to possession of a controlled substance, and the court accepted the plea.  The court stated, "Mr. Alexander, you have a right to be sentenced by the judge who accepted your plea, which would be me, but we're sending your case over to drug court and you would be sentenced by another judge.  [¶]  Do you agree to have another judge sentence you in this matter?"  Defendant responded, "Yes."

Defendant appeared in drug court on March 13, 2014.  He informed the court that he was on probation in another case, the probation case was pending on appeal, he had been advised by counsel in the probation case that his appeal in that case might be compromised by drug court, and that he did not wish to proceed in drug court.  Defendant's counsel in this case was unaware of defendant's intention not to proceed in drug court and asked to speak with defendant, which the court permitted.  After consulting with counsel, defendant again stated on the record that he rejected drug court, so the case was again transferred back to the trial court.

On April 4, 2014, defendant appeared for sentencing in the trial court.  Defense counsel and the prosecutor represented to the court that both the instant case and the probation case had been sent to drug court.  At drug court, the prosecutor had offered to allow defendant to withdraw his plea on the probation case and have that case dismissed, which would remove the issue of the appeal entirely.  Defendant refused the offer to have

3

the probation case dismissed. Defendant explained to the trial court that he had refused drug court because there had been a mistake in the paperwork "in [his] favor," and that, contrary to what his attorney and the district attorney represented, the probation case had not been sent to drug court. Defendant concluded, "So since they both didn't go over there, I don't even know why I'm still in custody because the deal I signed to, it's no more jail time." The court responded, "So what is it you're trying to accomplish here? I don't understand. What are you trying to do? What is your ultimate goal here? [¶] You have a plea. We're here to sentence you. You've already entered the plea. I don't know what it is you're trying to have happen here." Defendant responded, "Me and my probation case alone, I'll take some programs, six months. I'm in custody 19 weeks." The court concluded defendant was "just trying to negotiate." The case was placed on second call to allow defendant to speak with his attorney.

On second call, defense counsel stated that he had discussed defendant's options with him, and that defendant conveyed a counteroffer to the district attorney. The district attorney refused, and withdrew the offer he had made to dismiss the probation case. Counsel explained to defendant that the only remaining option was the court's indicated sentence, which defendant also rejected. Defense counsel then indicated to the court that defendant was ready for sentencing. The court confirmed with the district attorney that the original sentence was to be the low term of 16 months in county jail. The court's indicated sentence was the high term suspended, with five years probation, and a one-year residential drug treatment program. The court gave defendant the opportunity to choose between the two sentences. Defendant refused to choose either sentence, and instead asked if he could withdraw his plea. The court answered that he could not. The court concluded that defendant did not wish to cooperate, and sentenced him to the low term of 16 months in county jail.

Defendant timely appealed.

**DISCUSSION**

Defendant contends the sentence imposed was illegal because it violated the terms of the plea bargain. We disagree, because "[w]hen a defendant enters a plea in exchange for specified benefits, such as dismissal of other counts or a particular punishment, both the defendant and the state must abide by the bargain . . . ." (*People v. Lopez* (1998) 66 Cal.App.4th 615, 635.) The state, acting through the trial court and prosecution, was willing to abide by the agreement that defendant receive the benefit of a reduction in charged offenses and drug court. It was defendant, and defendant alone, who did not abide by his case settlement agreement in this case. The only reason defendant did not receive the disposition bargained for is his own refusal to cooperate.

"Defendant is correct that the superior court, when it accepted defendant's plea of no contest, failed to advise her as required by [Penal Code] section 1192.5 of her right to withdraw her plea in the event the court subsequently disapproved the plea agreement. But this error was of no consequence, because the superior court did not disapprove the plea agreement." (*People v. Masloski* (2001) 25 Cal.4th 1212, 1223.) Defendant's waiver of rights and plea form clearly stated that the maximum punishment for the offense was three years, but under the agreement, defendant would be referred to drug court. Defendant was referred to drug court, in compliance with the plea agreement. Once the agreement was repudiated by defendant, all that remained to do was impose sentence on his plea in accord with the statutory punishment.[4] A defendant gets the benefit of a plea bargain once, and once spent, it is gone forever. (*People v. Horson* (1993) 13 Cal.App.4th 1, 3.)

Although defendant did not warrant favorable treatment once his case was returned to the court that accepted his guilty plea, once again the court and prosecutor

---

[4] Defendant's reliance on *People v. Cruz* (1988) 44 Cal.3d 1247 is misplaced. Cruz had not breached the plea agreement in that case, and the court imposed a sentence in excess of the plea agreement on the basis of a separately chargeable crime that had not been tried. That is not the case here.

attempted to provide defendant with a favorable disposition. The prosecutor agreed to dismiss the probation case, which seemed to be the source of defendant's recalcitrance, but defendant rejected the offer. Defendant tried to negotiate further with the prosecution, but the prosecutor reasonably refused and withdrew the offer to dismiss the probation case. As in drug court, all responsibility for defendant's failure to obtain a satisfactory resolution is attributable only to defendant.

The trial court at this point offered defendant two alternatives—a probationary sentence, with state prison suspended, or the prosecution's recommendation of 16 months in county jail. Defendant asked to withdraw his no contest plea, which the court denied. When defendant refused to tell the court which sentencing alternative he preferred, the court imposed the sentence of 16 months in county jail.

There is no merit to defendant's contention that the sentencing court erred in denying his request to withdraw his plea. "A defendant may move the trial court to set aside a guilty plea for good cause at any time before the entry of judgment. (Pen. Code, § 1018.) 'Good cause' means mistake, ignorance, fraud, duress or any other factor that overcomes the exercise of free judgment and must be shown by clear and convincing evidence. (*People v. Cruz* (1974) 12 Cal.3d 562, 566.) The grant or denial of such a withdrawal motion is 'within the sound discretion of the trial court and must be upheld unless an abuse thereof is clearly demonstrated.' (*People v. Superior Court* (*Giron*) (1974) 11 Cal.3d 793, 796.)" (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 917.)

Here there was no good cause to withdraw defendant's plea. Defendant had entered into a plea agreement sending his case to drug court, where the disposition fell apart only due to defendant's refusal to cooperate. A defendant's manipulative conduct does not constitute good cause to withdraw a plea. The suggestion that defendant is entitled to withdraw his plea unless the trial court is able to "fashion a sentence that meets [defendant's] approval," is absurd. The purpose of a trial court is not to satisfy the whims of parties who refuse to comply with the very bargains they accept.

**DISPOSITION**

The judgment is affirmed.

KRIEGLER, J.

We concur:

TURNER, P. J.

MOSK, J.