Filed 3/23/15  P. v. Taylor CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SAI KIYOSHI TAYLOR,<br><br>    Defendant and Appellant. | D066865<br><br><br><br>(Super. Ct. No. SCD248418) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy R. Walsh, Judge.  Affirmed.

Sheila Quinlan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Sai Kiyoshi Taylor pled guilty to robbery, a felony, under Penal Code section 211,[1] and admitted to a gang allegation and to using a handgun in the commission of the

_____

1    Unless otherwise specified, all subsequent statutory references are to the Penal Code.

robbery (§§ 186.22, subd. (b)(1), 12022.53, subd. (b)).  The trial court sentenced Taylor to 15 years in prison, and ordered him to pay fines, fees and victim restitution.

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Taylor filed a supplemental brief on his own behalf.  After having independently reviewed the entire record for error, as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On May 27, 2013, Taylor and his friend, Malcolm Hune, entered a medical marijuana dispensary.  Taylor had a revolver in his possession.  Hune had a semi-automatic handgun.  Taylor and Hune each pointed their respective weapons at an employee of the dispensary.  When another employee opened a door, Hune pointed the semi-automatic handgun at him.  Taylor and Hune took more than three pounds of marijuana, valued at $10,000, and $220 in cash.  Both Taylor and Hune were documented members of a criminal street gang.

Taylor was charged with two counts of robbery, assault with a firearm, burglary with a weapon, and gang enhancement on each count.  If convicted, Taylor faced a prison sentence of up to 25 years.

On April 30, 2014, Taylor pled guilty to one count of robbery, admitted the firearm and gang enhancements, and stipulated to a 15-year prison sentence.  Taylor's codefendant Hune accepted the same plea deal.  Taylor filed a written guilty plea form acknowledging that he had been advised of his constitutional rights and the consequences

2

of his guilty plea. The court advised Taylor of his rights and the consequences of his guilty plea. The court accepted Taylor's and Hune's guilty pleas at the same time, asking each defendant in turn whether he understood his rights and the nature and consequences of his guilty plea, and whether anyone had threatened or convinced him to take the plea. Taylor indicated that he understood his rights and the nature and consequences of pleading guilty, and that no one had threatened or convinced him to take the plea. The court found that Taylor knowingly, intelligently, and voluntarily waived his constitutional rights when he accepted the plea agreement.

On May 14, 2014, at Taylor's request, the court relieved his counsel and appointed a different attorney to represent him. Taylor informed the court that he was filing a motion to withdraw his plea.

The motion to withdraw the plea was heard on October 15, 2014. In a declaration in support of the motion, Taylor stated that he felt pressured to plead guilty because it was a "package deal" involving his codefendant, who was a close friend of his. He did not want his friend to lose his deal. In addition, his attorney did not present him with any option other than pleading guilty.

The trial court found that Taylor did not meet his burden to show that the plea was obtained through coercion, terror, inducement or threat, and that there was no indication that his guilty plea was involuntary or violated due process. The court denied the motion to withdraw the plea and sentenced Taylor to 15 years in prison.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court.  Counsel has presented no argument for reversal, and invited this court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436.  Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified the following as possible, but not arguable, issues:

"A.     Did the trial court abuse its discretion in denying appellant's motion to withdraw his plea?

"B.     Did the nature of the negotiation in this case as a "package deal" make this plea inherently coercive?"

In his supplemental brief, Taylor states that under Penal Code section 1018, he has the right to withdraw his plea prior to the entry of judgment.  When a defendant was represented by counsel at the time of the plea, the trial court may, but is not required to, grant the request to withdraw the plea on a sufficient showing of good cause.  (*Ibid*.) "Good cause" means mistake, ignorance, fraud, duress, or any other factor that overcame the defendant's exercise of free judgment.  (*People v. Alexander* (2015) 233 Cal.App.4th 313, 318; see *Boykin v. Alabama* (1969) 395 U.S. 238, 243 [guilty pleas obtained through coercion, terror, inducement, or threat are involuntary and violate due process].)  A "package deal" plea bargain is not intrinsically coercive.  (*In re Ibarra* (1983) 34 Cal.3rd 277, 283-284, abrogated on other grounds as stated in *People v. Mosby* (2004) 33 Cal.4th 353, 360.)

4

In Taylor's declaration and supplemental briefing, Taylor claims that he was motivated to plead guilty out of concern for his codefendant, who was potentially exposed to a longer sentence if he and Taylor did not jointly accept the plea offer. Taylor does not claim that there were other coercive factors that led to his decision to plead guilty, or that the trial court failed to make an adequate inquiry into the voluntariness of the plea under the totality of the circumstances at the hearing to withdraw the plea. (*In re Ibarra*, *supra*, at pp. 288-290.)

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel, has disclosed no reasonably arguable appellate issue. Taylor has been represented by competent counsel on this appeal.

## DISPOSITION

The judgment is affirmed.

AARON, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.

5