Filed 11/25/15  P. v. Grant CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B261214 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. YA081132, YA081870) |
| v. | |
| GORDON GRANT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Vincent Okamoto, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Defendant and appellant Gordon Grant pleaded no contest to assault with a firearm, discharge of a firearm with gross negligence, making criminal threats, and arson of the property of another. The trial court sentenced Grant to nine years four months in prison. It subsequently denied Grant's motion to withdraw his plea, and Grant appeals. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts*[1]

a. *The May 2011 incident (YA081132)*

In May 2011, Grant was subject to a temporary restraining order that prohibited him from owning or possessing a firearm. Michael Battle lived across the street from Grant.

On May 17, 2011, at approximately 9:45 a.m., as Battle drove into his driveway, Grant walked over and threw a computer, that Battle had previously sold to Grant, at Battle's car. After stating he was " 'fixin' to kill' " Battle and cursing at him, Grant returned to his own house. As Battle was gathering his bags from his car, he heard a gunshot emanating from the direction of Grant's house. Battle turned to find Grant pointing a shotgun at him. Battle fled to his backyard and locked the gate. He heard four more gunshots and the sound of a bullet making impact with his roof. Battle believed Grant was trying to kill him.

That afternoon, Los Angeles Police Department (L.A.P.D.) Sergeant Bryan Hand spoke with Grant after advising him of his *Miranda* rights.[2] Grant explained that his relationship with Battle was strained; Battle had looked at Grant in a way that made Grant angry that morning; they argued; and Grant retrieved a shotgun from inside his home, which he accidentally fired.

---

[1] Because appellant pleaded no contest, we take the facts from the preliminary hearing transcript.

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

b. *The July 2011 incident (YA081870)*

In July 2011, Grant and his wife and children lived in an Inglewood house that belonged to Grant's mother, Edith Grant.[3] On July 31, 2011, at approximately 8:30 a.m., Edith drove Grant to a Shell gas station in her 2010 Honda Pilot automobile. Grant filled a can with gas. On the return trip to the house, Grant and Edith argued about the radio station playing on the car's radio. Grant seemed very upset. When they arrived at the Inglewood house, Grant poured gasoline from the can onto the hood and windshield of Edith's Honda while she was still seated inside. Stunned, she called the police. Edith attempted to start the car and drive away, but as she turned on the ignition, Grant grabbed and broke the key. Grant then picked up a lighter and ignited the car's hood. Edith managed to exit the car before it burst into flames.

Edith told a Los Angeles County Fire Captain that before Grant ignited the fire, he told her he was going to burn the car. Grant stood in her way as she tried to exit, but eventually moved. She told an L.A.P.D. officer that Grant said he would burn her and her vehicle, and she was afraid. When she spoke to the officer, Edith's voice was shaky, she was teary-eyed, and she sounded and appeared "very afraid." Grant told an arson investigator that he had poured a polishing compound, not gasoline, on the car. He admitted breaking the key when his mother tried to drive away. Another arson investigator concluded that the fire started on the Honda's exterior front hood, towards the driver's side.

2. *Procedure*

Grant was charged in Los Angeles County Superior Court case No. YA081132 with four counts based on the May 2011 shooting incident: assault with a firearm (count 1, Pen. Code, § 245, subd. (a)(2));[4] discharge of a firearm with gross negligence (count 2, § 246.3, subd. (a)); making criminal threats (count 3, § 422); and misdemeanor unlawful

---

[3]     For ease of reference, and with no disrespect, we hereinafter sometimes refer to Grant's mother by her first name.

[4]     All further undesignated statutory references are to the Penal Code.

3

firearm activity (count 4, former § 12021, subd. (g)(2)). The information further alleged that Grant personally used a firearm during commission of the assault. (§§ 12022.5, subd. (a).) In case No. YA081870, Grant was charged with attempted willful, deliberate, premeditated murder (count 1, §§ 664, 187, subd. (a)); making criminal threats (count 2, § 422); and arson of the property of another (count 3, § 451, subd. (d)). The information also alleged that Grant was out of custody on bail when the offenses occurred (§ 12022.1.)

On June 2, 2011, privately retained counsel in case No. YA081132 declared a doubt as to Grant's mental capacity. The trial court ordered proceedings suspended and Grant examined pursuant to section 1368. On November 14, 2011, the trial court declared a doubt as to Grant's mental capacity in case No. YA081870 based on the fact a doubt had been declared in the other case. Grant was treated at Patton State Hospital and on July 9, 2012, the trial court found Grant had been restored to competency. After preliminary hearings in both cases, Grant was held to answer. The trial court subsequently granted Grant's motion to set aside the criminal threats count in case No. YA081870, but denied Grant's motions to set aside the remaining charges. It also heard and denied Grant's *Marsden* motion.[5]

Pursuant to a negotiated disposition, on January 3, 2014, Grant pleaded no contest to assault with a firearm, discharge of a firearm with gross negligence, and making criminal threats in case No. YA081132, and arson of another's property in case No. YA081870. He also admitted the section 12022.5 allegation. Defense counsel stipulated to a factual basis for the plea based on the arrest reports and preliminary hearing transcripts, and the trial court found a factual basis for the plea. The trial court dismissed count 4 in case No. YA081132 and the murder count in case No. YA081870. It sentenced Grant to a term of nine years four months, as follows: in case No. YA081132, the upper term of four years on the assault with a firearm count, plus a four-year firearm

---

[5]      *People v. Marsden* (1970) 2 Cal.3d 118.

4

enhancement pursuant to section 12022.5, and consecutive eight month sentences on the criminal threats and section 246.3 counts; in case No. YA081870, a concurrent eight-month term on the arson count. It imposed, in each case, a restitution fine of $250 (§ 1202.4, subd. (b)) and a suspended parole restitution fine in the same amount (§ 1202.45), as well as a criminal conviction assessment (Gov. Code, § 70373) and a court operations assessment (§ 1465.8, subd. (a)(1)). It awarded 898 days of presentence custody credit and 134 days of local conduct credit, for a total of 1032 days.

On March 14, 2014, Grant filed a handwritten motion to withdraw his plea, on the grounds (1) he had not understood no "DVD of the interrogation" existed to corroborate the detectives' testimony, and (2) the sentence imposed was contrary to the plea agreement. On the same date, his appointed counsel also filed a motion to withdraw the plea on the grounds Grant had been "unable to process the information" counsel provided to him "about the potential plea deal"; claimed he had "no idea what . . . he was agreeing to"; and had not understood he would have to serve 85 percent of his prison sentence, and would not have entered the plea had he been aware of this fact.

On April 10, 2014, the trial court denied the motions to withdraw the plea. On the same date, after a restitution hearing at which Battle testified, the trial court ordered Grant to make restitution to Battle in the sum of $4,200.

On February 13, 2015, Grant filed a notice of appeal on the denial of his motion to withdraw his plea. In addition to the grounds stated in the motions to withdraw, the notice of appeal added, or clarified, contentions that the plea had been obtained "under duress due to ineffective assistance of counsel," because counsel failed to adequately investigate the facts or inform Grant of the evidence against him; the plea was not voluntary or intelligent because Grant was not informed, and did not understand, that his conduct credits would be limited to 15 percent, and he would not have entered the plea had he been so informed; and the People had failed to preserve the "DVD of the interrogation."

5

We subsequently granted Grant's petition for relief from default and failure to timely file his notice of appeal.

DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief which raised no issues, and requested this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. On August 7, 2015, we advised appellant that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. On August 27, 2015, Grant filed a supplemental brief.

Grant may not appeal the denial of the motion to withdraw his plea without a certificate of probable cause, which he did not obtain. (*People v. Johnson* (2009) 47 Cal.4th 668, 679-680.) Even if the issue was properly before us, we would conclude the motion to withdraw the plea was properly denied as it was untimely. A defendant who seeks to withdraw his plea pursuant to section 1018 must do so before judgment has been entered. (*People v. Gari* (2011) 199 Cal.App.4th 510, 521; *People v. Weaver* (2004) 118 Cal.App.4th 131, 145; *People v. Mendoza* (2009) 171 Cal.App.4th 1142, 1150) Grant did not move to withdraw his plea until several months after sentence had been imposed.

Moreover, the record discloses no abuse of discretion. (*People v. Alexander* (2015) 233 Cal.App.4th 313, 318.) Under section 1018, mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea. Good cause must be shown by clear and convincing evidence. The motions to withdraw the plea did not meet this standard. (*Ibid.*; *People v. Simmons* (2015) 233 Cal.App.4th 1458, 1466; *People v. Cruz* (1974) 12 Cal.3d 562, 566-567.) It is settled that "good cause does not include mere 'buyer's remorse' regarding a plea deal." (*People v. Simmons,* at p. 1466.) A defendant "is not entitled to withdraw or set aside a guilty plea on the ground that the trial court, in accepting the plea, failed to advise the defendant of a

6

limit on good-time or work-time credits available to the defendant." (*People v. Barella* (1999) 20 Cal.4th 261, 272.)

In his supplemental letter brief, Grant avers that the missing DVD and a missing photograph of victim Battle would have corroborated his testimony; Detective Hand's testimony was false; the victim had been motivated to seek revenge against Grant because of a dispute between the men; the victim was allowed to make an untrue statement in an unspecified proceeding a year after the preliminary hearing; and Grant could have proved the victim had a propensity to commit perjury. None of these arguments establish grounds to withdraw the plea. " 'When a defendant pleads guilty to a crime . . . no trial is held on the question of guilt and there are no controverted issues, since he admits every element of the crime, and the plea necessarily results in a judgment of conviction.' " (*People v. Johnson, supra,* 47 Cal.4th at p. 677.) Even where the denial of a motion to withdraw a plea may be reviewed on appeal, the merits of the issue of guilt or innocence are not reviewable. (*People v. Kunes* (2014) 231 Cal.App.4th 1438, 1442.) To the extent Grant intends to raise an ineffective assistance of counsel claim, or assert that the People violated his due process rights by failing to preserve exculpatory evidence, his claims are based on matters outside the record and can be raised, if at all, in a petition for writ of habeas corpus. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267; *People v. Szeto* (1981) 29 Cal.3d 20, 35.)

Nothing in the record indicates the no contest pleas were made under duress, as a result of fraud, misrepresentation or false promise, or because of any other fact overreaching Grant's free will and judgment. (See *People v. Gari, supra,* 199 Cal.App.4th at p. 523.) That Grant "felt compelled" to change his plea to no contest because the prosecutor "threatened to ask for a life sentence" does not suggest coercion. The statutorily required penalty for attempted murder is life in prison with the possibility of parole. (§ 664, subd. (a).)

Contrary to his argument, Grant was sentenced in accordance with the plea agreement as set forth both orally and in the plea forms. In fact, Grant was told he would

receive a 10-year sentence, rather than the more lenient nine years four months sentence actually imposed.  The section 12022.5 enhancement was charged in the information, and Grant admitted the allegation in open court.  The sentence does not violate *Apprendi v. New Jersey* (2000) 530 U.S. 466, because Grant pleaded no contest and admitted the section 12022.5 enhancement.  Grant's contention that the trial court improperly imposed consecutive sentences in violation of California Rules of Court, rule 4.425(b) is not cognizable absent a certificate of probable cause.  (See *People v. Johnson, supra,* 47 Cal.4th at pp. 678-679.)

We have examined the entire record and defendant's written contentions, and are satisfied appellant's attorney has fully complied with the responsibilities of counsel and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

DISPOSITION

The order is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**




ALDRICH, Acting P. J.



We concur:




LAVIN, J.




JONES, J.<sup>*</sup>

---

<sup>*</sup>    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.