Filed 12/11/20  P. v. Allen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C090480 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FECOD-2018-0013083) |
| v. | |
| AMARE COLUMBUS ALLEN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Amare Columbus Allen asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

BACKGROUND

On October 17, 2018, R.D. texted a woman named Tasha Lorenzen and offered to pay her money for sex.  Lorenzen arrived at R.D.'s apartment around 9:00 p.m. and R.D. gave her $200.  Shortly thereafter, R.D. took off his clothes and lay on his bed.  R.D. then

1

saw defendant standing in the doorway; defendant told R.D. not to move. Lorenzen collected personal property from R.D.'s apartment (which he shared with another man), then she and defendant left. After Lorenzen and defendant left, R.D. saw that his car also was taken. He called 911.

After investigating, law enforcement arrested defendant and Lorenzen the following day. They asked R.D. to view their suspects. R.D. identified Lorenzen as the female robber and identified defendant with 80 to 90 percent certainty as the male robber.

Following a preliminary hearing, the People charged defendant with numerous criminal offenses, including first degree residential robbery with a person present. The People also made numerous sentencing enhancement allegations, including a vulnerable victim, a prior prison term, and a prior strike offense.

Defendant subsequently negotiated a plea agreement with the People wherein defendant would plead guilty to first degree robbery (without the person present allegation), admit to the vulnerable victim allegation, and admit to the prior strike offense. In exchange, the People would move to dismiss the balance of charges and alleged sentencing enhancements and would agree to an aggregate term of eight years in state prison for defendant's conviction.

The trial court advised defendant about his rights, including the right to a trial and the right not to testify; defendant waived those rights. The court asked defendant if he had been made any promises other than those made on the record, defendant responded, "No, sir." The court also asked defendant if he understood the terms of his agreement, defendant responded he did, and whether defendant had any questions for his attorney or the court, to which defendant responded he did not. Defendant then pleaded guilty to first degree robbery, admitted the vulnerable victim enhancement, and admitted the prior strike offense.

2

The trial court found defendant entered into his plea knowingly, voluntarily, and intelligently. The court granted the People's motion to dismiss the balance of charged offenses and alleged sentencing enhancements.

Prior to sentencing, defendant indicated his desire to withdraw from the plea agreement. The court advised defendant that by withdrawing from the plea agreement, defendant could be sentenced to a maximum of 18 years in state prison for the charged crimes. Defendant acknowledged the risk but wanted to pursue the motion to withdraw from his plea. Accordingly, the trial court closed the courtroom to hear defendant's motion.

Once the courtroom was closed, the trial court asked defendant if he wanted a new attorney. Defendant wondered out loud if that was possible, but said he was "comfortable" with his current counsel. He did, however, want to withdraw from his plea because he initially pleaded guilty so that he would not "forc[e]" his codefendant to go to trial, but he wanted to go to trial. Now that his codefendant had taken a plea agreement he wanted to withdraw from his plea and go to trial.

The court found no legal basis for allowing defendant to withdraw from his plea and no legal basis for appointing new counsel. The court subsequently sentenced defendant in accordance with his plea agreement, awarding him 654 days of custody credit and ordering him to pay various fines and fees. Defendant appealed and obtained a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the relevant procedural history of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief. Defendant filed a supplemental brief claiming the trial court abused its discretion in denying his request to withdraw from the plea agreement. In support of

3

his contention, defendant argues he did not enter into his plea agreement knowingly and intelligently, but under duress. The record does not support his contention.

At any time before judgment, the trial court for good cause may allow a defendant to withdraw his or her guilty or no contest plea. (Pen. Code, § 1018; *People v. Archer* (2014) 230 Cal.App.4th 693, 702.) To establish good cause, " 'the defendant must show by clear and convincing evidence that he or she was operating under mistake, ignorance, or any other factor overcoming the exercise of his or her free judgment, including inadvertence, fraud, or duress.' " (*Archer*, at p. 702.) "The defendant may not withdraw a plea because the defendant has changed his or her mind." (*Ibid*.)

" ' "When a defendant is represented by counsel, the grant or denial of an application to withdraw a plea is purely within the discretion of the trial court after consideration of all factors necessary to bring about a just result. [Citations.] On appeal, the trial court's decision will be upheld unless there is a clear showing of abuse of discretion. [Citations.]" [Citation.] "Guilty pleas resulting from a bargain should not be set aside lightly and finality of proceedings should be encouraged." ' " (*People v. Nocelotl* (2012) 211 Cal.App.4th 1091, 1096; accord, *People v. Alexander* (2015) 233 Cal.App.4th 313, 318.)

The trial court did not abuse its discretion in denying defendant's motion to withdraw his plea. At the plea hearing, defendant never claimed he was induced into entering a plea agreement or that the prosecutor misrepresented the terms of the plea. Defendant did not claim the case against him did not have a factual basis or was brought in bad faith. Defendant told the court he understood and agreed to the sentence. Defendant also did not dispute he faced a maximum sentence of 18 years if found guilty following a trial.

In moving to withdraw his plea, defendant asserted that, at the time of the plea hearing, he was only entering the plea to avoid forcing his codefendant to go to trial. Whether that is true, it is not a basis for withdrawing from a plea agreement. The record

4

fully supports the trial court's finding that defendant made a rational and voluntary choice when he accepted the plea agreement.

Having also examined the record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/s/_____
HOCH, J.

We concur:

/s/_____
ROBIE, Acting P. J.

/s/_____
MURRAY, J.

5