Filed 6/23/21  P. v. White CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br>v.<br>NICOLE AYLENE WHITE,<br><br>     Defendant and Appellant. | A161288<br><br>(Lake County<br>Super. Ct. No. CR953975) |

Defendant entered a no contest plea to one count of burglary of an occupied residential structure in exchange for a prison term of two years.  In addition, defendant agreed that if she failed to appear for sentencing without a legal excuse, her plea would become an open plea to the court, and it could sentence her to the maximum term of six years. Defendant subsequently sought to withdraw her plea.  Appointed independent counsel reviewed defendant's case and found no legal basis to withdraw the plea.  After defendant failed to appear for sentencing, the court imposed a six-year prison term.  Defendant has filed her own notice of appeal challenging the trial court's denial of her motion to withdraw her plea and the imposition of the six-year sentence, and because her trial counsel had a conflict of interest.  We affirm.

## BACKGROUND

An information charged defendant with two counts of burglary of an inhabited dwelling house. (Pen. Code,[1] §§ 459, 462, subd. (a).) It was further alleged as to both counts that burglary is a violent felony within the meaning of section 667.5, subdivision (c).

Pursuant to a plea agreement, defendant pleaded no contest to count I, first degree residential burglary. In exchange for her plea, defendant was promised a prison term of two years and dismissal of count II.

Before pleading no contest, defendant signed and initialed a plea form acknowledging and waiving her rights to a court or jury trial, to confront and cross-examine witnesses, to produce evidence and to present a defense, to testify in her own defense, and her privilege against self-incrimination. In response to the court's questions, defendant stated she had read and understood the plea form, initialed the boxes, signed the form, and did not have any questions. Defendant agreed, both in open court and on the plea form, that under *People v. Cruz* (1988) 44 Cal.3d 1247, if she failed to appear on the date set for sentencing without a legal excuse, her plea would become an "open plea," she could be sentenced to the maximum term, and she would not be allowed to withdraw her plea.

Defendant stipulated to a factual basis for the plea based on the prosecutor's oral recitation of the facts that, "On May 21st, 2019, the defendant entered an occupied residence, . . . with the intent to commit larceny." The court made "the findings and orders contained in the plea form"—that is, defendant had read or had read to her the plea form and understood the initialed items in the form, she understood the nature of the

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

2

crimes and the allegations, and the consequences of her plea, and knowingly, understandingly, and intelligently waived her constitutional and statutory rights, and her plea and wavier of rights was made freely and voluntarily. The court then found a factual basis for the plea. Pursuant to the plea agreement, the prosecutor dismissed count II.

Over a month later, defendant informed the court she wished to withdraw her plea. Finding good cause to continue the matter, the court assigned independent counsel to assist defendant in determining whether or not good cause existed to withdraw her plea. Appointed counsel filed a "Notice of Insufficient Basis to Request Withdrawal of Plea Pursuant to *People v. Brown* (2009) 175 Cal.App.4th 1469."

In the notice, according to counsel, defendant admitted she understood the plea form with the help of her attorney at the time she signed the form. Defendant believed that it was "unfair at the time she entered the plea; the attorney was abrupt, and she felt she did not fully understand all of the 'offers.'" Defendant felt her side of the story was being ignored. Though she admitted her trial attorney spoke with her about her side of the story, it did not seem to matter. Defendant could not, however, identify anything specific her attorney failed to do; she simply believed the plea was unfair. Defendant insisted she was merely "the victim of exaggeration of the facts."

Counsel determined defendant fully discussed the status of the case and the discovery, understood her rights and potential defenses, and understood the strengths and weaknesses of her case. Defendant confirmed she had enough time to discuss the plea and had no questions. It was only after the plea was entered that she felt the plea was unfair and "maybe there was information she could have understood better." It appeared to counsel the "sole basis for requesting the plea be withdrawn is that Defendant still

3

harbors feelings she was unfairly accused after being fully advised by her [trial] attorney regarding the legal elements and the strength of the Prosecution's case." Counsel further concluded trial counsel "appeared to render competent assistance in this case." Finally, counsel observed that defendant did not believe her attorney did anything wrong, conceding she knew she could go forward with a trial.

Independent counsel indicated she was "unable to conclude that there are facts that would support the request for withdrawal of plea in this case."

Appearing in court, counsel reiterated she had reviewed defendant's case and did not find a legal basis to withdraw defendant's plea. Counsel also told the court that she had urged defendant to address her concerns by making a *Marsden*[2] motion. Defendant asked the court if it would "accept a *Marsden* motion," and the court agreed to hear it. Following an in camera hearing, the court denied the motion.

On the date set for sentencing, defense counsel explained to the court that he had "received messages" from defendant indicating she was in Seattle and had been robbed. The court denied counsel's motion for a continuance, finding no good cause for defendant's failure to appear. A bench warrant was issued for defendant's arrest. The court stated that unless defendant could "show prove of [*sic*] a legal reason why she failed to appear, the plea is an open plea."

Slightly over a month later, defendant appeared in court, and her trial counsel was reappointed. During a later appearance, defense counsel requested a continuance as defendant was five months pregnant and had a bed at Ford Street Residential Treatment Program. Over the prosecution's objection the court granted the request for a continuance and ordered, as a

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

condition of release on bail, that defendant enroll and participate in the Ford Street rehabilitation program.

However, defendant did not appear at her next court date and her counsel indicated he had not had contact with her, nor was he aware if she was still in residential treatment. Finding no good cause for defendant's nonappearance, the court issued a bench warrant with no bail. Claiming she had been in lockdown for 30 days in the inpatient rehabilitation program the court ordered her to attend, defendant moved to recall the warrant. At the hearing on defendant's motion to recall the bench warrant, counsel informed the court defendant was not presently in the residential treatment program and had left the program because "they would not provide transportation to her for the court appearance, [and] she needed to find somewhere for her child to live as the person he was staying with is 'using.' " Counsel further stated defendant had to leave the program to obtain a needed medication. The court ordered defense counsel to obtain "something in writing as to when defendant left the program."

At the sentencing hearing, the court stated it had read and considered the probation report. Following argument by both counsel, the court first noted it had found no good cause for defendant's failure to appear at the first sentencing hearing. Commenting, "There's some story about her being robbed," the court observed there was no evidence of such robbery. Even if defendant had testified about the robbery, the court believed defendant "doesn't have much credibility with this Court given her prior conduct in— the prior promise that she made to this Court and the representations that she made to this Court that turned out not to be true." Because there was no evidence of a legal excuse, the court found "that this is now an open plea."

Moving on to sentencing, the court found defendant's eligibility for probation was limited because she had two prior felony convictions and because when the burglary was committed, the residence was occupied. Finding no unusual circumstances, the court denied probation. Next, the court determined the circumstances in aggravation outweighed the circumstances in mitigation because the victim was vulnerable, the crime was carried out with planning and sophistication, defendant's prior adult convictions were numerous and increasing in seriousness, defendant was on probation when the crime was committed, and defendant's prior performance on probation was unsatisfactory. The court found no circumstances in mitigation. For these reasons, the court imposed the upper term of six years on the burglary. Defendant was awarded 125 days of presentence custody credit pursuant to sections 2900.5 and 4019, subdivisions (b) and (c). In addition, the court ordered defendant to pay various fines, assessments, and victim restitution.

Defendant appealed and the trial court granted a certificate of probable cause.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, setting forth a statement of the case, and requesting this court to conduct an independent review of the record. Counsel has notified defendant she can file a supplemental brief with the court. No supplemental brief has been received. We have examined the record and are satisfied that appellate attorney for defendant has complied with the responsibilities of counsel and there are no arguable issues.

In her notice of appeal, defendant states, "I would like to take this to trial." Because notices of appeal are to be given a liberal interpretation (Cal.

6

Rules of Court, rule 8.304(a)(4), we understand this statement to mean defendant is challenging the denial of her motion to withdraw her plea.

When a defendant was represented by counsel at the time of the plea, the trial court may, but is not required to, grant the request to withdraw the plea on a sufficient showing of good cause. (§ 1018.) " 'Good cause' means mistake, ignorance, fraud, duress or any other factor" that overcame the defendant's exercise of free judgment. (*People v. Alexander* (2015) 233 Cal.App.4th 313, 318.)

The decision whether to grant a motion to withdraw a plea of guilty or no contest is within the discretion of the trial court "and is final unless the defendant can show a clear abuse of that discretion." (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

Under the circumstances here, the trial court's denial of defendant's motion to withdraw her plea was well within its discretion: a negotiated " 'package-deal' " plea agreement is not intrinsically coercive. (*In re Ibarra* (1983) 34 Cal.3d 277, 283–284.) Defendant has not alleged, nor is there any evidence, she was coerced or fraudulently induced to enter her plea of no contest. She fails to claim the case against her was not factually based or brought in bad faith. If anything, the record demonstrates defendant's plea was free and voluntary, and she understood and knowingly waived her constitutional rights.

Defendant's sole basis in her notice of appeal for seeking a trial appears to be her unsupported claim that her trial counsel had a conflict of interest because he "used to sit as a DA and he has prosecuted me as a DA in one of my past cases." We have not found anything in the record indicating defendant's counsel had been a district attorney or prosecuted defendant in one of her prior cases.

As to defendant's challenge to her six-year sentence, she asserts she missed her court date for sentencing because she was out of state trying to "situate" her two-year-old son, and her boyfriend had beaten her and stolen her money and car. Again, nothing in the record corroborates this assertion.

Lastly, defendant claims that if "somebody" examined the "discovery" more closely, "they would see plenty of flaws and points to argue in my behalf in order to carry this sentencing to a much better advantage for myself." We are unpersuaded. First, the court did not credit defendant's explanation for missing her initial sentencing hearing. Second, after considering defendant's prior criminal history, her probationary status at the time she committed the current crime, her unsatisfactory performance on probation, and finding the crime was carried out with planning and sophistication, the trial court was more than justified in imposing the upper term of six years in state prison.

Moreover, defendant was ably represented by counsel who brokered a plea bargain to the low term and convinced the court to release defendant on her own recognizance pending sentencing. It was not counsel's fault defendant failed to appear for sentencing.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

Accordingly, the judgment is affirmed.

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

SANCHEZ, J.

A161288
*People v. White*