Filed 12/30/22  P. v. Scott CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br> Plaintiff and Respondent,<br><br>v.<br><br>KYLE CHRISTOPHER SCOTT,<br><br> Defendant and Appellant. | A165121<br><br>(Del Norte County Super. Ct. No. CRM-21-9344) |

Defendant Kyle Christopher Scott pleaded no contest to felony stalking. He later filed a motion to withdraw his plea, which the trial court denied. His appellate counsel has raised no arguable issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment.  (*People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant was notified of his right to file a supplemental brief but has not done so.  We conclude no arguable issues are presented for review and affirm the judgment.

## BACKGROUND

In November 2021, the Del Norte County District Attorney filed a second amended complaint charging defendant with one count of felony stalking (Pen. Code, § 646.9, subd. (b)), felony using personal identifying information (*id.*, § 530.5, subd. (a)), felony false personation (*id.*, § 529, subd.

1

(a)(3), two counts of misdemeanor contempt of court (*id*., § 166, subd. (c)(1)), misdemeanor violating a domestic relations order (*id*., § 273.6, subd. (a)), and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)).

A month later, defendant pleaded no contest to one count of felony stalking in exchange for a 16-month lid and that the remaining counts would be dismissed. At the sentencing hearing, the court asked defendant if he was "in good health." Defendant mentioned that he had "MRSA all over my arm" that it had "only gotten worse" while he was in custody. The court asked if the "problem with [his] arm preclude[ed him] from understanding the proceedings," and defendant responded, "No, your Honor, not at all." The court continued with the advisements, heard the factual basis for the plea, and found defendant's plea to be knowing, intelligent, and voluntary.

Defendant was released from custody on a *Cruz* waiver[1] pending sentencing. Before sentencing, defendant moved to withdraw his plea. In his presentence interview, defendant stated he had signed the plea agreement to "facilitate his release from custody," had "no intention of abiding by the plea agreement," and was "planning to withdraw [the] plea and take [his] case to trial." In his motion, he maintained he had good cause to withdraw his plea explaining he had "jumped at the opportunity to be released from custody so [he] could seek treatment for [his] MRSA infection."

The court denied the motion, finding no grounds to withdraw the plea. The court noted that when he advised defendant about the plea they talked out his general health, and he still "chose to enter a plea." The court sentenced defendant to 16 months in prison with 109 days' credit, ordered

---

[1] *People v. Cruz* (1988) 44 Cal.3d 1247.

him to pay several fines and fees, and issued a 10-year protective order requiring defendant to stay away from his wife.

Defendant, in propria persona, filed a timely notice of appeal. However, he failed to indicate he was challenging the validity of the plea. Accordingly, his trial counsel, at the behest of his appointed appellate counsel, filed an amended notice of appeal with a request for a certificate of probable cause. That request indicated there was a judicial "conflict of interest" but did not mention the previously-stated reason for moving to withdraw his plea, namely his MRSA condition.[2] The trial court denied defendant's request. Defendant then filed a writ of mandate requesting issuance of a certificate of probable cause, which this court denied. (*Scott v. Superior Court* (Aug. 31, 2022, A165491).)

## DISCUSSION

Defendant, represented by competent counsel, "freely, voluntarily, knowingly, and intelligently," pleaded no contest to one count of felony stalking. And pursuant to his plea agreement, defendant accepted numerous terms and conditions, including a 16-month prison sentence lid, and a 10-year victim stay-away term. The trial court imposed various statutory fines and fees, including a $300 restitution fine, a stayed $300 parole revocation fine, a $40 court operation assessment, and a $30 conviction assessment.

Nothing in the record undermines the trial court's denial of defendant's motion to withdraw his plea. (See *People v. Alexander* (2015)

---

[2] Defendant's request states, "Judge refused to look at new evidence to include, including letter from my father, pictures at my father's residence, google location history, violation of rights to not allow new evidence in the interest of justice. This system would just be a joke otherwise to sentence innocent people with evidence proving it to prison. A complete joke. I believe there's also conflict of interest in my divorce case w/same judge. I want a different un-biased judge to look at evidence."

3

233 Cal.App.4th 313, 318 [motion to withdraw guilty plea is left to sound discretion of trial court and an appellate court will not disturb the denial unless abuse is clearly demonstrated].)  Moreover, because the trial court denied defendant's request for a certificate of probable cause, his appeal is limited to "postplea claims, including sentencing issues, that do not challenge the validity of the plea." (*People v. Cuevas* (2008) 44 Cal.4th 374, 379.) Nothing in the record shows the trial court abused its discretion in denying defendant's request for a certificate of probable cause, and the trial court imposed the sentence in accordance with the plea agreement.  Having examined the entire record, we find no arguable issues.  (*Wende, supra*, 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.

4

_____
Banke, J.

We concur:

_____
Humes, P.J.

_____
Devine, J.*

*Judge of the Contra Costa Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A165121, People v. Scott