[No. C059314. Third Dist. July 28, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
ORIONE C. BROWN, Defendant and Appellant.

## COUNSEL

Jackie Menaster, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and David A. Lowe, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**NICHOLSON, J.**—After pleading no contest to possession of cocaine base for sale, defendant Orione C. Brown sought to withdraw his plea. His attorney did not make a motion to withdraw the plea, as he found there was not good cause for such a motion. Defendant now appeals his conviction, contending the court erred in not requiring counsel to move to withdraw defendant's plea. We affirm.

## PROCEDURAL HISTORY[1]

On September 24, 2007, defendant was charged with possession of cocaine base for sale and with unlawfully identifying himself as a police officer.

On October 1, 2007, defendant pled no contest to the possession charge. The parties stipulated to the low term of three years and the other charge was dismissed. Counsel advised the court that she and defendant had discussed the elements of the crime and any possible defenses, counsel had explained defendant's rights, and had explained the direct consequences of a no contest plea. She was confident defendant understood those things and defendant affirmed he understood.

Some two months later, prior to sentencing, defendant informed the court he wanted to withdraw his plea. As the basis for this motion, defendant indicated he "didn't have time to talk about the plea. It was only for one day." The court appointed counsel to investigate the merits of the motion and "make a determination about whether there exists . . . good cause to allow [defendant] to withdraw [his] plea."

At the January 30, 2008, hearing, appointed counsel advised the court: "Based upon my investigation and my examination of the records, there is no basis for withdrawing the plea." Appointed counsel was relieved and the public defender was reappointed.

The public defender advised the court that defendant was not ready to be sentenced, as he wanted to file a writ of habeas corpus and a motion to withdraw his plea. The court advised defendant, "[Y]ou are represented by an attorney, and the attorney is responsible for making all strategic decisions in your representation. [¶] Talk to your lawyer about that." Defendant stated he had tried to speak with previously appointed counsel. The court denied

---

[1] Because of the procedural posture of this case, and the fact that a probation report was waived, the substantive facts underlying defendant's arrest and conviction are not contained in the record and are not relevant to the disposition of this appeal.

defendant's request, stating counsel "found no good cause to withdraw your plea. [¶] I have already had that investigated. So your further request to withdraw your plea is denied, as your . . . prior counsel has already announced that there was no good cause." The matter was continued to allow counsel time to review the petition for writ of habeas corpus.

On February 13, 2008, counsel indicated the petition for writ of habeas corpus was premature. The court then sentenced defendant to the low term of three years.

Defendant sought and received a certificate of probable cause on the grounds of counsel's failure to file a motion to withdraw his plea.

## DISCUSSION

Defendant contends the "trial court erred in not requiring [defendant's] appointed counsel to make a motion to withdraw [defendant's] guilty plea."[2]

■ A defendant may move to withdraw his plea, at any time before judgment, on a showing of good cause. (Pen. Code, § 1018.) " ' "[T]he withdrawal of such a plea rests in the sound discretion of the trial court and may not be disturbed unless the trial court has abused its discretion." ' " (*People v. Wharton* (1991) 53 Cal.3d 522, 585 [280 Cal.Rptr. 631, 809 P.2d 290].) ■ Although criminal defendants are entitled to competent representation in the presentation of a motion to withdraw a plea, appointed counsel may properly decline to bring a meritless motion. (See *People v. Smith* (1993) 6 Cal.4th 684, 695–696 [25 Cal.Rptr.2d 122, 863 P.2d 192]; see also *People v. Brown* (1986) 179 Cal.App.3d 207, 216 [224 Cal.Rptr. 476] [in remanding case for a motion to withdraw the plea and for a *Marsden* motion (*People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]), if necessary, the court noted it was not holding that counsel is "compelled to make a motion which, in counsel's good faith opinion, is frivolous"].) The California Supreme Court observed in *People v. Smith, supra,* 6 Cal.4th at page 696, that even if substitute counsel is appointed for the purposes of investigating a motion to withdraw the plea, "[w]hether, after such appointment, any particular motion should actually be made will, of course, be determined by the new attorney." That is, as long as defendant is represented by counsel, the decision on whether to file a motion to withdraw his plea is left with counsel.

■ Defendant contends "that lack of legally adequate reasons [to support the motion to withdraw] cannot justify refusal of counsel to make such a

---

[2] As an initial matter, defendant also argues he is entitled to pursue this matter on appeal despite his entry of a plea. The People properly concede this point. We accept this proper concession and will not engage in further analysis of that issue.

motion." We disagree. Counsel is not required to make legally unsupported motions. This is particularly true in a context where the very purpose of the appointment of counsel is to give expert advice as to the merits of the motion. Nor is the court required to order specially appointed counsel to investigate the merits of such a motion and then permit the defendant to wholly discard counsel's expert opinion on the subject and file a meritless motion. As counsel is not required to make futile, baseless motions, the court is not required to order counsel to make such motions.

## DISPOSITION

The judgment is affirmed.

Blease, Acting P. J., and Sims, J., concurred.

A petition for a rehearing was denied August 12, 2009, and appellant's petition for review by the Supreme Court was denied November 10, 2009, S176049. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.