Filed 6/28/21  P. v. Peterson CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TRICIA ELIZABETH PETERSON,<br><br>    Defendant and Appellant. | A159762<br><br>(Contra Costa County<br>Super. Ct. No. 5-190998-5) |

Pursuant to a plea agreement, defendant Tricia Elizabeth Peterson pleaded no contest to one count of assault by means of force likely to produce great bodily injury.  She appeals following the denial of her motion to withdraw her plea.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Incident Giving Rise to the Charges*

In April 2018, defendant's 18-year-old daughter was living at home with defendant.  Defendant kicked her daughter out of the house; the next day, they had an altercation when the girl returned to the house and would not give defendant a house key.  Defendant hit her daughter with an open hand and with a wooden and metal piece of a coat rack.  At some point during the conflict, defendant's 11-year-old son came downstairs with a hammer yelling at his sister not to "hurt mommy," and defendant took the hammer from the boy.  Defendant's daughter left the house through the front door.

1

Defendant followed her and grabbed her backpack. Defendant and her daughter struggled over the girl's backpack; during the struggle, defendant hit her daughter on the head with the hammer.

Defendant's daughter suffered lacerations and contusions, and she bled so much that she could not see for a few minutes due to blood in her eyes. She spent one night in the hospital.[1]

*Information and Not Guilty Plea*

In June 2019, the Contra Costa County District Attorney filed an information charging defendant with two counts of felony assault with a deadly weapon (Pen. Code,[2] § 245, subd. (a)(1); counts 1 [assault with a hammer]) and 2 [assault with a coat rack]) and one count of misdemeanor willful harm to a child (§ 273a, subd. (b); count 3). As to counts 1 and 2, it was alleged defendant was exempt from serving any sentence in local custody under section 1170.

Defendant, represented by attorney Krista Della-Piana of the Public Defender's Office, entered a plea of not guilty. A pretrial conference was held July 22, 2019.

*First* Marsden *Motion*

At a hearing on August 26, 2019, defense counsel asked the court to set a jury trial. After the court set a trial date (in October 2019), defendant

---

[1] The preceding facts are based on the preliminary hearing, at which defendant's daughter testified. The prosecution played short surveillance video clips that showed defendant outside the house hitting her daughter with the hammer, the piece of coat rack in her hands, and her daughter with blood on her clothes.

[2] Further undesignated statutory references are to the Penal Code.

requested a *Marsden* hearing.[3]  The court (Hon. Patricia Scanlon) conducted a *Marsden* hearing during which both defendant and Della-Piana described their interactions working together.  The court denied defendant's request to replace counsel.[4]

*Plea Agreement Reached After Start of Jury Selection*

On October 23, 2019, a jury trial began with the court (Hon. John C. Cope) ruling on the parties' motions in limine.  The next day, trial continued with jury selection.

On October 28, 2019, the third day of trial, the parties reached a negotiated disposition.  Outside the presence of the prospective jurors, defense counsel told the court, "Ms. Peterson has expressed that she would like to accept this offer rather than do a trial.  She filled out a plea form.  She is very emotional right now.  This is a difficult process."  Defense counsel asked to "do the plea today and put over sentencing to a day Ms. Peterson is feeling a little bit better."  The court agreed that sentencing could occur later.

---

[3] A *Marsden* motion (*People v. Marsden* (1970) 2 Cal.3d 118) refers to a defendant's request for new counsel on the ground appointed counsel is providing ineffective assistance.  (*People v. Smith* (2003) 30 Cal.4th 581, 604.)  When a defendant makes a *Marsden* motion, "the trial court must permit the defendant to explain the basis of [her] contention and to relate specific instances of inadequate performance.  A defendant is entitled to relief if the record clearly shows that the appointed counsel is not providing adequate representation or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result."  (*Ibid.*)

[4] Defendant's appellate counsel reports he has been unable to confirm that the sealed reporter's transcript of the *Marsden* hearing held on August 26, 2019, was forwarded to this court.  We confirm that the transcript is part of the record on appeal.

Under the parties' agreement, defendant would plead no contest to assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); amended count 4), she would receive formal probation for three years on the condition she serve 270 days in jail, and the prosecution would dismiss counts 1 through 3.

Defendant and her counsel signed a four-page felony advisement of rights, waiver and plea form. With defendant present in open court, defense counsel explained the terms of the agreement to the court, and, pursuant to the agreement, the prosecutor moved to amend the information to add count 4, a felony violation of section 245, subdivision (a)(4).

Judge Cope then addressed defendant, "Ms. Peterson, you've heard us talking today. . . . [T]he Court has been led to believe there's going to be a resolution in this matter and that you're going to plead guilty or no contest to Count 4. . . . [A]t this point I'm going to grant the People's request to amend to add that count so that it's there. [¶] Is that what you want to do, ma'am? I mean, that's a tough question. [¶] Is that what you've decided to do?"

Defendant responded, "Yes, your Honor." The judge held up the signed plea form and confirmed with defendant that she had gone over the form with her attorney, that she had initialed and signed the form, and that she understood what was on the form.

The court read the new charge, "So, Ms. Peterson, it's alleged in Count 4 of the information that was just amended today that you did commit a felony violation of Penal Code Section 245(a)(4), assault with force likely to produce great bodily injury committed as follows: [¶] On or about April 25th, 2018, in the County of Contra Costa County, State of California, the crime of assault with force likely to produce great bodily injury, in violation of Penal Code Section 245(a)(4), a felony was committed, in that you did willfully and

4

unlawfully commit an assault upon [defendant's daughter] with force likely to produce great bodily injury. [¶] What is your plea to that?"

Defendant responded, "No contest." The court accepted the plea.

*Defendant's Motion to Withdraw Plea*

On November 13, 2019, the date scheduled for sentencing, defendant indicated she wanted to withdraw her plea, and the court set a briefing schedule for such a motion.[5]

On November 22, 2019, the court received a "Notice of Motion and Motion to Dismiss Pending Criminal Charges and Notice of Motion and Motion to Withdraw Plea Bargain" prepared by defendant without the assistance of defense counsel. Defendant's cousin, an inmate at California State Prison, Corcoran, signed the proof of service and separately attested that he was submitting the motion on behalf of defendant, but that he was not acting as her counsel and was not a lawyer.

The asserted grounds for the motion were (1) insufficiency of the evidence of the offense and (2) changes to sentencing law.[6]

---

[5] The appellate record does not include reporter's transcripts for the hearing on November 13, 2019. The minute order for the November 13 hearing notes, "Counsel to prepare motion to withdraw by 12/2" and "People to the prepare response by 12/5."

[6] In a declaration accompanying the motion to withdraw plea, defendant stated she was arrested and prosecuted without probable cause as there was insufficient evidence presented at the preliminary hearing that she intentionally inflicted harm to her child. (Assault, however, is a general intent crime; it does not require a specific intent to cause injury.) (*In re B.M.* (2018) 6 Cal.5th 528, 533.)

Defendant further declared that her daughter's testimony during the preliminary hearing "was the result of Threat and direct Intimidation by the prosecution which caused [her] daughter to make mis-statement's [sic] as she was not permitted to fully disclose the facts and evidence due to the

5

*Second* Marsden *Motion*

On December 9, 2019, the parties appeared for another hearing. Deputy public defender Michelle Dawson appeared for defense counsel Della-Piana.

The court stated the matter was set for sentencing and, also, "we put the matter over for today in case the parties wanted to explore the possibility of filing a motion to withdraw a plea by counsel." The court noted it "receive[d] a motion from Ms. Peterson herself," despite her representation by counsel.

The court asked Dawson whether there was "any legal reason why sentencing should not occur" that day. Dawson responded, "No, your Honor. We are not able to file a motion to withdraw the plea. There's no legal basis for that motion. However, I know Ms. Peterson is still interested in withdrawing her plea."

---

prosecution mistreatment of an minor child who's foreign to the judicial system." Defendant did not describe any alleged mistreatment or threats by the prosecution, and none is evidenced from the preliminary hearing transcript. Defendant's daughter was 19 years old at the time of the preliminary hearing.

Defendant also cited Assembly Bill No. 1618, which added section 1016.8 (provisions in plea bargains requiring waiver of future benefits of future changes in the law that occur after the date of the plea are not knowing and intelligent and are void against public policy), and Assembly Bill No. 2867, which amended section 1473.7. At the time defendant filed her motion, section 1473.7 permitted a person no longer imprisoned to move to vacate a conviction based on (1) prejudicial error that damaged the movant's ability to knowingly accept adverse immigration consequences of a plea or (2) newly discovered evidence of actual innocence. (Former § 1473.7, subd. (a), as amended by Stats. 2018, ch. 825, § 2.) Defendant, however, did not claim either that she was unaware of immigration consequences of her plea or that she had newly discovered evidence of actual innocence.

6

Judge Cope told defendant he had read her briefing but she had an attorney and "if you have an argument to make now, you should tell your attorney and she could present the argument in court." Defendant said she had not spoken to anyone since the prior hearing. The judge responded that defendant was "trying to frustrate the system." Defendant claimed she did not understand, but Judge Cope found her claim disingenuous, telling her, "You understand exactly what you're doing. You've demonstrated your ability to understand before. You've had this case on many times. I am not going to allow you to delay it any further."

Defense counsel Dawson suggested defendant would like to make a *Marsden* motion. The court immediately scheduled and then held a *Marsden* hearing later that day.

*Court Rulings*

On December 20, 2019, the court decided the second *Marsden* motion and motion to withdraw plea.

The court denied the *Marsden* motion, explaining, "There's insufficient reason to discharge the attorney representing Ms. Peterson. There's clearly the ability to communicate effectively and work together. There's no bias or prejudice or any problems there that Ms. Peterson's not happy. But there's no legal reason to make a change in that regard. So that motion is denied.

The court then denied defendant's motion to withdraw her plea. "[W]hile I normally do not consider motions prepared by a party when they're represented, I require the motions to be filed by the attorney that represents the party. I did reconsider Ms. Peterson's notice of motion and motion to dismiss and motion to withdraw her plea, and that motion or those motions are denied. There's no legal reason to set aside the plea bargain or the plea that was entered."

The court "reaffirm[ed] the findings previously made on October 28th, 2019, that the defendant expressly, voluntarily, knowingly and understandably and intelligently waived her rights and entered her plea, that the defendant freely and voluntarily made an understanding of the consequences thereof of that plea." Judge Cope stated, "I accepted the plea on that day, and that plea stands."

The court then sentenced defendant in accordance with the plea agreement.

*Notice of Appeal and Certificate of Probable Cause*

On December 30, 2019, defense counsel submitted a notice of appeal on defendant's behalf that stated the appeal challenged the validity of the plea. Counsel requested a certificate of probable cause explaining, "Ms. Peterson would like to appeal the denial of her Marsden motion and her request to withdraw her no contest plea." The request for a certificate of probable cause was denied.

In February 2020, defendant, representing herself, filed an amended notice of appeal and request for a certificate of probable cause. She handwrote the following as grounds for challenging the legality of her no-contest plea:

"(1) District attorney did not honor plea deal as was described to me by my public defender before I signed the plea waiver form and changed my plea. The Public defender did not adequately desc[r]ibe/inform any possibility of the plea not being withdrawn and promised the trial would be forwarded if the District attorney [illegible – possibly 'adjust [illegible or scratched out] term']"

"(2) My public attorney did not honor her promise to withdraw the plea if the district attorney did not honor our understanding: 270 days would be

cut in half and converted to community service and after 3 months of successful probation the felony would be converted to a misdemeanor, and not jeopardize my families housing and job prospects.

"(3) Ineffective assistance of counsel throughout the case and denial of Marsden motions.

"(4) Public defender's office asked for trial continuance that defeated my right to a speedy trial. I was not allowed to rec[ei]ve/see the defense information. I was not allowed to see or agree to the original appeal notice or the Request for Certificate of probable cause which limited the grounds of appeal."

The court granted defendant's request for a certificate of probable cause.

## DISCUSSION

Defendant contends the denial of her motion to withdraw her plea was an abuse of discretion that denied her the right to effective assistance of counsel. We are not persuaded.[7]

A. *Motion to Withdraw Plea*

1. <u>Applicable Law and Standard of Review</u>

"[A]t any time before judgment," a trial court may permit a defendant to withdraw a guilty plea "for a good cause shown." (§ 1018.) " 'Mistake, ignorance or any other factor overcoming the exercise of free judgment' " constitutes good cause to withdraw a plea. (*People v. Patterson* (2017) 2 Cal.5th 885, 894.) On the other hand, "[t]he fact that [a defendant] may have

---

[7] In her opening brief, defendant also argued certain assessments imposed by the trial court should be stricken because there was no hearing on ability to pay; in her reply, she reports the trial court has granted her motion to strike the assessments. We agree with defendant that the assessments issue is now moot.

9

been persuaded, or was reluctant, to accept the plea is not sufficient to warrant the plea being withdrawn. [Citation.] 'Guilty pleas resulting from a bargain should not be set aside lightly and finality of proceedings should be encouraged.' " (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 919 (*Ravaux*).)

A defendant seeking to withdraw her plea must show good cause by clear and convincing evidence. (*People v. Wharton* (1991) 53 Cal.3d 522, 585.)

"A decision to deny a motion to withdraw a guilty plea ' "rests in the sound discretion of the trial court" ' and is final unless the defendant can show a clear abuse of that discretion." (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.) "Moreover, a reviewing court must adopt the trial court's factual findings if substantial evidence supports them." (*Ibid.*) "In ruling on a motion to withdraw a plea, the trial court may take into account the defendant's credibility and his or her interest in the outcome of the proceedings. [Citation.] We will defer to a trial court's credibility determinations that are supported by substantial evidence." (*People v. Dillard* (2017) 8 Cal.App.5th 657, 665.) "[W]e assume a judgment is correct and the defendant bears the burden of demonstrating otherwise." (*People v. Thompson* (2016) 1 Cal.5th 1043, 1097, fn. 11.)

2.     Defendant Has Failed to Show Abuse of Discretion

At the outset, we note that defendant's recitation of "relevant facts" in her appellate briefing is generally unsupported by the record.[8] She cites her

---

[8] For example, defendant states, "Appellant rejected term number 18, as listed on the plea agreement, because it provided that she would serve '270 days in county jail.' (CT 128.)" Her only citation for this statement is to a page of the plea form itself, which shows the exact opposite of what she states. The plea form provides, "I understand that as a condition of probation I will serve 270 days in the Contra Costa County Jail," and defendant's initials are next to this statement. Thus, the record citation defendant

request for a certificate of probable cause (which she submitted to the court in February 2020) as if the certificate request constitutes facts in evidence, but this document was not part of the evidentiary record when the trial court made its rulings on December 20, 2019. Defendant's appellate arguments, likewise, are premised on claims she wrote in her request for a certificate of probable cause. But these claims were not the basis of her motion to withdraw plea; nor are they reflected in her statements to the court during the second *Marsden* hearing.

Considering the record that actually was before the court when it denied defendant's motion to withdraw her plea, we cannot say the trial court abused its discretion.

First, in her written motion to withdraw, defendant (1) claimed her daughter was intimidated by the prosecution at the preliminary hearing without supporting evidence and (2) cited changes to the law that did not appear to apply to her (see fn. 6, *ante*). On appeal, defendant does not argue there is merit to either of the two points raised in her written motion. She appears to have abandoned these grounds.

Second, during the second *Marsden* hearing on December 9, 2019, defendant indicated to the court that defense counsel told her she would not have to serve time in jail under the plea agreement. The plea form that defendant initialed and signed, however, provided she would serve 270 days in jail. Judge Cope, who presided at the second *Marsden* hearing, was the same judge who had accepted defendant's no-contest plea on October 28,

_____

provides for the factual statement that she *rejected* a term of the plea agreement shows, to the contrary, that she *agreed* to that term. Defendant's statement, "Based on Ms. Della-Piana's promises and assurances, [she] signed the written plea waiver form," is not supported by any citation to the record.

2019, after confirming that defendant initialed and signed the form and that she understood what was on the form. One of the terms was, "Except for what is promised to me in open court ON THE RECORD I have not been promised or offered anything by anyone (including my attorney) that causes me to enter a guilty/no contest plea." Defendant initialed this term.

In denying defendant's motion to withdraw her plea, the trial court reaffirmed its finding (made when the plea was accepted) that defendant voluntarily and intelligently entered her plea. The court specifically found that defendant understood the consequences of the plea. Implicitly, therefore, the court *believed* defendant's statements of October 28, 2019, that she understood the terms of the written plea form and *rejected* her inconsistent statement made at the second *Marsden* hearing on December 9, 2019, which suggested that defendant believed there was a different, unwritten plea agreement that contradicted the terms of the written plea form. Substantial evidence (namely, the signed plea form, defendant's statements of October 28, 2019, and the court's observations of defendant) supports the trial court's credibility findings. (See *Ravaux, supra*, 142 Cal.App.4th at p. 918 [trial court's "own recollection of the previous hearing" at which the defendant entered a plea was substantial evidence that the defendant knowingly and intelligently entered the plea].)

In short, defendant has not demonstrated the trial court abused its discretion in denying her motion to withdraw her plea.

B.  *Ineffective Assistance of Counsel*

Defendant argues she "received ineffective assistance of counsel when she was misadvised and coerced to sign a written plea waiver form that did not accurately reflect the terms of the agreement as communicated by her counsel."

12

A defendant "is entitled to effective assistance of counsel in determining whether to accept or reject a plea bargain." (*People v. Archer* (2014) 230 Cal.App.4th 693, 707.) To prevail on a claim of ineffective assistance on appeal, a defendant must show (1) her counsel's performance was deficient and (2) the deficient performance caused her prejudice. (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1418.) To demonstrate prejudice in the context of a plea agreement, a defendant claiming she was misadvised must show there is a reasonable probability that, but for trial counsel's ineffective assistance, she would not have entered the plea. (See *Archer, supra*, 230 Cal.App.4th at p. 706 [an appellant claiming the trial court misadvised him about the consequences of a plea must show he would not have entered the plea but for the alleged error]; *Breslin, supra*, 205 Cal.App.4th at p. 1419 [an appellant claiming ineffective assistance must show she would not have entered the plea but for her counsel's error].) However, a defendant's statement that she would not have accepted a plea bargain with competent representation " 'is insufficient in and of itself to sustain the defendant's burden of proof as to prejudice, and must be corroborated independently by objective evidence. A contrary holding would lead to an unchecked flow of easily fabricated claims.' " (*Breslin*, at p. 1421.)

Here, defendant fails to present objective evidence to corroborate her current claim that she would not have entered the no-contest plea but for defense counsel's ineffective assistance. As the Attorney General points out, defendant's written motion raised completely different arguments for withdrawing the plea and never indicated that defense counsel misadvised her in connection with her plea. (This, in turn, could suggest defendant came up with her current claim only after she filed her motion to withdraw in November 2019.)

13

Nor does the record convince us that defense counsel coerced defendant into entering a plea. Trial had already started and jury selection was underway. The fact that defense counsel observed that defendant was "emotional" on the day she entered her plea, and defendant's uncorroborated assertion that defense counsel told her to "hurry" before she entered the plea do not compel a finding of coercion or duress.[9] This is all defendant has to go on. To the contrary, we conclude the trial court's finding that defendant entered her plea voluntarily was supported by substantial sufficient evidence (namely, defendant's signature and initials on the plea form, her confirmation to the court that she understood the terms of the plea agreement, and the court's observations of defendant at various stages of the proceedings).

Finally, we reject defendant's argument that her Sixth Amendment right to assistance of counsel was violated "when [her] lawyer argued against [her] motion to withdraw her plea." Rather, we agree with the Attorney General that defense counsel did not argue directly against her motion to withdraw her plea. Defense counsel stated only that she was "not able to file a motion to withdraw the plea" because there was "no legal basis for that motion." Appointed counsel is not required to bring a meritless motion to

---

[9] Even where a defendant is "reluctant or 'unwilling' to change his plea, such state of mind is not synon[y]mous with an involuntary act. Lawyers . . . often persuade clients to act upon advice which is unwillingly or reluctantly accepted. . . . [T]hat such advice is . . . reluctantly acted upon is not a '. . . factor overreaching defendant's free and clear judgment.'" (*People v. Urfer* (1979) 94 Cal.App.3d 887, 892, fn. omitted.) "Nothing in the record indicates [defendant] was under any more or less pressure than every other defendant faced with serious felony charges and the offer of a plea bargain." (*People v. Huricks* (1995) 32 Cal.App.4th 1201, 1208 [rejecting the "claim that [the appellant's] family pressured him into the plea" amounted to duress].)

withdraw a plea. (*People v. Brown* (2009) 175 Cal.App.4th 1469, 1472–1473.) We cannot say defense counsel's failure to file a motion to withdraw amounted to denial of assistance of counsel.[10]

## DISPOSITION

The judgment is affirmed.

---

[10] To the extent defendant's Sixth Amendment claim may be understood as an implicit claim that the trial court erred in denying her second *Marsden* motion, defendant has failed to demonstrate abuse of discretion. (See *People v. Smith, supra*, 30 Cal.4th at p. 604 ["The court does not abuse its discretion in denying [a *Marsden*] motion unless the defendant has shown that a failure to replace counsel would substantially impair the defendant's right to assistance of counsel"].) Defendant has not established, for example, that she would have been able to file a successful motion to withdraw her plea had the court appointed new counsel in response to her second *Marsden* motion.

_____
Miller, J.

WE CONCUR:


_____
Richman, Acting P.J.


_____
Stewart, J.


A159762, *People v. Peterson*


16