Filed 7/1/21  P. v. Burchstead CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075713 |
| v. | (Super.Ct.No. SWF1900419) |
| JOSEPH PAUL BURCHSTEAD, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark Mandio and Stephen J. Gallon, Judges.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

Defendant and appellant Joseph Paul Burchstead entered a plea agreement and pled guilty to forcible sexual penetration (Pen. Code,[1] § 289, subd. (a)(1)(A), count 2), dissuading a witness by force or violence (§ 136.1, subd. (c)(1), count 3), infliction of corporal injury upon a spouse or cohabitant (§ 273.5, subd. (a), counts 4, 6, & 8), and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4), count 5).[2] As to count 8, he also admitted that he personally inflicted great bodily injury upon the victim. (§ 12022.7, subd. (a).) Pursuant to the plea agreement, a trial court sentenced him to 16 years in state prison. Defendant subsequently made a *Marsden*[3] motion for substitute counsel. The court granted the motion and appointed counsel to review his case to explore whether or not there were any viable reasons to withdraw his plea. The court held a hearing and counsel indicated she had talked to the district attorney, and they agreed that once defendants are sentenced to state prison, the appropriate method was to file a notice of appeal.

On appeal, defendant contends that he received ineffective assistance of counsel (IAC) when his appointed counsel failed to file or present an oral motion to withdraw his plea. We affirm.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] Pursuant to the plea agreement, the court dismissed the charges alleged in counts 1 and 7.

[3] *People v. Marsden* (1970) 2 Cal.3d 118.

2

## FACTUAL BACKGROUND[4]

Defendant and the victim had been in an intimate dating relationship for about six years. One day, he picked her up to take her home and accused her of cheating on him. As he drove, he squeezed her face, slapped her, and punched her in the face. Defendant also grabbed her breast, squeezed it, pulled it, and twisted it. When they arrived at her house, he got out of the car, and she called 911. He asked if she was calling 911. When she confirmed that she was, he got in the car and drove away. Later that night, defendant returned and walked through her front door. He woke her up, grabbed her, and threw her up against different objects in the room and on the floor. He squeezed her face, punched her, and tried to choke her. When the victim tried to call 911, he grabbed her phone and threw it against the wall. Defendant also ripped her clothes off and penetrated her vagina with his fingers.

## DISCUSSION

### Defendant Cannot Demonstrate That His Counsel Was Ineffective

Defendant contends he was denied effective assistance of counsel when his appointed counsel failed to file or orally present a motion to withdraw his plea. He asserts there is no evidence that she explored whether there were any viable reasons for him to withdraw his plea and merely stated that filing a notice of appeal was "the appropriate method." He claims he stated a viable reason for withdrawing his plea, which was that he was innocent; thus, he had the right to have his counsel investigate his

---

[4] Because defendant pled guilty pursuant to a plea agreement, this brief factual background is taken from the preliminary hearing transcript.

3

reason for wanting to withdraw his plea, the right to have his counsel present a motion to the court, and the right to have the court determine whether withdrawal of his plea was warranted. Defendant further argues that he was prejudiced by counsel's failure to act, given his claim of innocence, and that remand is required to permit him to make a motion to vacate the judgment "or other appropriate motion." Defendant's IAC claim fails.

A. *Procedural Background*

Defendant pled guilty to multiple felony charges and admitted a great bodily injury allegation pursuant to the plea agreement. On July 24, 2020, the court sentenced him to 16 years in state prison in accordance with the terms of the agreement.

On September 10, 2020, defendant made a *Marsden* motion for substitute counsel, stating he did not feel he was represented "good enough" and he wanted to appeal his plea. The court reminded him that he had an attorney, and he pled guilty. Defendant responded that he "pled guilty to things . . . that [he] did not do." The court said he did plead guilty and admitted his guilt on the record, and defendant agreed. However, he said he wanted to "take this back to court to see if [he could] get better sentencing." He then said he did not know what he was talking about and that he did not think he "was represented right." The court stated: "[O]bviously what you are requesting is to undo your plea, correct?" Defendant confirmed that was his desire. Defense counsel informed the court that he discussed the case at length with defendant before the plea was entered. However, the court decided to appoint new counsel "to explore any and all options as to whether or not there are any viable reasons to undo his taking of the plea," and it set the matter for a hearing a few days later.

4

The hearing was held on September 14, 2020. Appointed counsel stated that she and the prosecutor conferred, and they did not believe it was appropriate to file a motion to withdraw a plea once a defendant has been sentenced to state prison. Counsel said, "the notice of appeal is the appropriate method." She then said she had defendant fill out a notice of appeal form and asked if the clerk could file it. The court authorized the clerk to file the notice of appeal because of the short time frame involved. The notice of appeal stated that defendant was challenging the validity of the plea and included a request for certificate of probable cause, which the court granted. In the request for certificate of probable cause, defendant alleged that he "pled guilty to things [he] didn't do," stated he felt he was not adequately represented, and said he pled guilty when he was not on his medication.

B. *Defendant Has Not Demonstrated IAC*

A defendant who claims IAC must establish that his counsel's performance was deficient under an objective standard of professional competency, and that there is a reasonable probability that but for counsel's errors, a more favorable determination would have resulted. (*People v. Holt* (1997) 15 Cal.4th 619, 703 (*Holt*).) If the defendant makes an insufficient showing on either one of these components, the claim fails. (*Ibid.*) In reviewing claims of IAC, we give great deference to defense counsel's tactical decisions, and "there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " (*People v. Lucas* (1995) 12 Cal.4th 415, 436-437 (*Lucas*); see *Holt*, at p. 703.) Thus, a defendant raising a claim of IAC on direct appeal carries a difficult burden: We reverse on the ground of IAC only if

5

the record affirmatively discloses that counsel could have had no rational tactical purpose for the challenged act or omission. (*Lucas*, at p. 437.)

1. *Defendant Cannot Established That His Counsel's Performance Was Deficient*

Defendant asserts that his counsel was ineffective for failing to file or present an oral motion to withdraw his plea. However, he fails to demonstrate from the limited record that his counsel performed deficiently by electing to not file a motion to withdraw his guilty plea. "A defendant who seeks to withdraw his guilty plea may do so *before* judgment has been entered upon a showing of good cause. [Citations.]" (*People v. Weaver* (2004) 118 Cal.App.4th 131, 145; see § 1018 ["On application of the defendant at any time before judgment . . . the court may, and . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted."].) **"**A plea may not be withdrawn simply because the defendant has changed his mind. [Citation.] 'The plea of guilty constitutes an admission of every element entering into the offense charged, and constitutes a conclusive admission of defendant's guilt.' " (*People v. Nance* (1991) 1 Cal.App.4th 1453, 1456-1457.)

The California Supreme Court has explained that when substitute counsel is appointed for purposes of investigating a motion to withdraw a plea, "[w]hether, after such appointment, any particular motion should actually be made will, of course, be determined by the new attorney." (*People v. Smith* (1993) 6 Cal.4th 684, 695-696.) "That is, as long as [a] defendant is represented by counsel, the decision on whether to file a motion to withdraw his plea is left with counsel." (*People v. Brown* (2009) 175 Cal.App.4th 1469, 1472.) To that end, "[a]lthough criminal defendants are entitled to

6

competent representation in the presentation of a motion to withdraw a plea, appointed counsel may properly decline to bring a meritless motion." (*Ibid*.)

Defendant criticizes his counsel for a single decision—filing a notice of appeal instead of a motion to withdraw his plea. However, if the record does not explain why counsel acted, or failed to act, in the manner challenged, a reviewing court must reject the ineffective assistance claim on appeal, unless counsel was asked for and did not provide an explanation, or unless there simply could be no satisfactory explanation. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267 (*Mendoza Tello*).)

Here, the record reflects that defendant's counsel simply stated she believed that filing a notice of appeal was the "appropriate method." It sheds no light on why she did not file a motion to withdraw, and there is no indication she was asked for an explanation. Moreover, this is not a case where this court can conceive of no satisfactory explanation for counsel's decision not to file a motion to withdraw. The plausible explanation in this case is that a motion to vacate the plea was not only generally untimely,[5] counsel could have reasonably determined that such a motion was meritless. Defendant initialed and signed a plea form, indicating that no one had made any threats or placed pressure on him to make him plead guilty, he had adequate time to discuss with his attorney his constitutional rights, the consequences of a guilty plea, and any potential defenses to the

---

[5] Section 1018 provides, in relevant part, as follows: "On application of the defendant at any time before judgment . . . the court may, and in case of a defendant who appeared without counsel at the time of the plea the court shall, for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." We understand defendant's argument that there were other methods available by which defendant could seek to vacate his plea. Such reasons do not affect our analysis.

7

charges, he "did the things that [were] stated in the charges," and he read and understood the entire plea agreement. His counsel had also signed the plea form indicating that she was satisfied that defendant understood his rights and that he understood that a plea of guilty would be a waiver of those rights; that defendant had enough time to discuss the case with her including any defenses he may have had; and that defendant understood the consequences of his plea. Therefore, counsel clearly had a plausible rational reason for not filing a motion to withdraw or vacate the plea.

In view of the silence of the record on the reason why counsel did not file a motion to withdraw, we cannot presume she was ineffective. (See *People v. Pope* (1979) 23 Cal.3d 412, 425, overruled in part on other grounds, as stated in *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn. 10; *Mendoza Tello*, *supra*, 15 Cal.4th at pp. 266-268.) Rather, we must reject the claim on appeal. (*People v. Wilson* (1992) 3 Cal.4th 926, 936 [An IAC claim "must be rejected" when the record on appeal sheds no light on counsel's actions.]; see *Mendoza Tello*, at p. 266.)

2. *Defendant Cannot Established Prejudice*

We further note that defendant has not established how counsel's failure to file a motion to withdraw prejudiced him. Based on the limited record, there is no support for concluding counsel prejudiced him by failing to bring what was likely a frivolous motion. There is nothing in the record or appeal process that would permit this court to find that any error has been demonstrated and that, but for that error, there is a reasonable probability that defendant would be permitted to withdraw his plea or otherwise obtain a more favorable result.

8

We conclude that defendant has failed to establish his counsel was ineffective.

Therefore, no reversal is required.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


FIELDS _____
                                                                        J.

We concur:

MILLER _____
              Acting P. J.

SLOUGH _____
                        J.

9