Filed 10/12/21  P. v. Turner CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KIRK BRIAN TURNER,<br><br>    Defendant and Appellant. | B312113<br><br>(Los Angeles County<br>Super. Ct. No. GA104294) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Villalobos, Judge.  Affirmed.

Asya Ovsepyan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Conforming to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), Kirk Brian Turner's counsel filed an opening brief containing a statement of facts but raising no issues. Turner submitted a supplemental brief. We have reviewed the briefs and the entire record. We find no arguable issues exist. We affirm.

An information charged Turner with pandering by encouraging. (Pen. Code, § 266i, subd. (a)(2).) It alleged Turner had a prior conviction for a serious felony that qualified as a strike. (Pen. Code, §§ 667, subds. (b)–(j), 1170.12.) The charge and allegation carried a maximum sentence of 12 years.

On February 26, 2020, Turner accepted a plea agreement. He pleaded no contest and admitted the prior serious felony allegation. Under the agreement, the court would strike Turner's prior serious felony conviction and sentence him to the midterm of four years in state prison.

Turner requested and the court granted several continuances for sentencing.

On February 9, 2021, the court sentenced Turner pursuant to the plea agreement.

Turner appealed. His counsel filed a *Wende* brief.

Turner filed a supplemental brief. He asks to withdraw his plea and to proceed to trial. He claims counsel at his sentencing hearing was ineffective for failing to tell him the new district attorney had "changed policies that affected prior criminal convictions." If Turner had known about the policy change, he says he would have withdrawn his plea before sentencing and would have proceeded to trial.

Turner may not seek to withdraw his plea in the Court of Appeal because he did not raise this issue in the trial court. (*People v. Barajas* (1972) 26 Cal.App.3d 932, 937.)

2

Turner has not proven his counsel was ineffective for not telling him about the policy change. To prove ineffective assistance, he must show counsel's performance fell below an objective standard of reasonableness and it prejudiced Turner. (See *Strickland v. Washington* (1984) 466 U.S. 668, 687.) On appeal, we presume counsel's conduct fell within the wide range of reasonable professional assistance and we accord great deference to counsel's tactical decisions. (*People v. Lewis* (2001) 25 Cal.4th 610, 674.)

If the record on appeal sheds no light on why counsel acted or failed to act, we must reject a claim of ineffective assistance of counsel unless counsel was asked for an explanation and failed to provide one, or there could be no satisfactory explanation. (*People v. Carter* (2003) 30 Cal.4th 1166, 1211.)

Turner has not proven counsel's performance fell below an objective standard of reasonableness. The policy change was insignificant to Turner's case. His sentence was consistent with the change because the court struck the prior serious felony conviction. Additionally, counsel reasonably could have determined Turner lacked good cause to withdraw the plea. (See Pen. Code, § 1018; *People v. Cruz* (1974) 12 Cal.3d 562, 566; *People v. Nance* (1991) 1 Cal.App.4th 1453, 1456 [changing one's mind is not good cause]; *People v. Brown* (2009) 175 Cal.App.4th 1469, 1472 [counsel is not obligated to make a meritless motion to withdraw a plea].) Had withdrawal been possible, it was not necessarily desirable because Turner faced a potentially longer sentence at trial. We reject Turner's ineffective assistance of counsel claim.

We have examined the entire record of the proceedings and are satisfied Turner's attorney has complied with the

responsibilities of counsel and no arguable issues exist.  (See *Wende, supra,* 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.


WILEY, J.


We concur:


GRIMES, Acting P. J.


OHTA, J.[*]


---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.