Filed 3/17/25  P. v. Garza CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAIME GARZA,<br><br>    Defendant and Appellant. | 2d Crim. No. B332122<br>(Super. Ct. No. 2016019312)<br>(Ventura County) |

Jaime Garza appeals from the judgment after he pleaded guilty to felony oral copulation with the use of an intoxicant or controlled substance (Pen. Code,[1] former § 288a, subd. (i)) and misdemeanor sexual battery (§ 243.4, subd. (e)(1)), and admitted that he had suffered 18 prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  The trial court struck 17 of the prior strikes (see *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530) and sentenced him to 12 years in state prison.  Garza contends the judgment should be conditionally

---

[1] Statutory references are to the Penal Code.

reversed because the court erroneously denied his motion to substitute appointed counsel (see *People v. Marsden* (1970) 2 Cal.3d 118, 123-126 (*Marsden*)).  We affirm.

FACTUAL AND PROCEDURAL HISTORY

After pleading guilty to oral copulation and sexual battery charges and admitting 18 prior strike allegations, Garza moved to substitute appointed counsel pursuant to *Marsden*, *supra*, 2 Cal.3d at pages 123 to 126.  Judge Bruce Young granted Garza's request for a *Marsden* hearing, which was held before Judge Catherine Voelker.

At that hearing Garza said that he wanted to withdraw his plea.  He explained that he had long "wanted to go to trial" because he believed "there was more evidence that could . . . be submitted."  He claimed that when he signed the plea agreement he "didn't know what [he] was doing," was on "anxiety meds" and "psyche meds," "wasn't in [his] right mind," and was "stressed" and "lost."  His appointed counsel refused to submit medical documents to the trial court, however.  She also refused to move to withdraw Garza's plea because she purportedly believed that "everything was right on point."  The refusal to do so created a conflict of interest.

Garza's appointed counsel responded that she felt "comfortable" with Garza when they went over the plea offer.  He appeared mentally competent, "articulate," and "intelligent."

Appointed counsel told Garza that, in her experience, it was "very difficult to find a judge [who] would be willing to strike 17 strike priors."  But Judge Young was willing to do so, which would "take [Garza] out of the 25 to life range" and make him eligible for a middle-term sentence.  The judge assigned to

2

oversee Garza's trial, Judge Dino Inumerable, deemed the indicated sentence "incredible."

Appointed counsel said that she met with Garza, went over the terms of the plea with him, and answered his questions. Garza's previous attorney also joined them and answered more of Garza's questions. He also advised Garza to take the plea.

Garza did so of his own free will: "No one twisted his arm. No one coerced him." Judge Inumerable would not accept the plea, however, so he sent the case back to Judge Young, who did.

Judge Voelker credited appointed counsel's opinion that Garza was not confused when he entered the plea, commenting that she would not have gone forward with the change of plea if she had any doubt about his mental capabilities. Judge Voelker called the attorney "a very seasoned, experienced public defender" and "[e]xcellent trial attorney," and said she had a "stellar reputation." She had been "thorough, meticulous, and detailed" in her representation of Garza. She went over the possible risks and consequences of going to trial and gave Garza ample time to consider the plea offer. Her representation had not been "questionable in any way, shape, or form."

Judge Voelker said that Garza's attorney had "very good reason[s] and specific facts support[ing] her assessment" of his case. She did not decline to move to withdraw Garza's plea "in haste or without proper consideration or reflection," but instead conducted "a very thorough legal analysis . . . and determined that [it] was not appropriate." The judge accordingly found that Garza's attorney had "properly represented" him and denied his *Marsden* motion. She then transferred the matter back for sentencing, where Judge Young dismissed 17 of Garza's strikes and sentenced him to 12 years in state prison.

3

DISCUSSION

Garza contends we should conditionally reverse the judgment, direct the trial court to grant his *Marsden* motion, and permit his new attorney to litigate a motion to withdraw his guilty plea. We disagree.

A criminal defendant is "entitled to competent representation" (*People v. Smith* (1993) 6 Cal.4th 684, 690 (*Smith*)), including "in the presentation of a motion to withdraw a plea" (*People v. Brown* (2009) 175 Cal.App.4th 1469, 1472 (*Brown*)). "If [the] defendant cannot afford to hire an attorney, one must be appointed for" them. (*Smith*, at p. 690.) The defendant has " 'no absolute right to more than one appointed attorney,' " however. (*Ibid.*) Nor does the defendant have the right to force counsel to bring a meritless motion; "as long as [the] defendant is represented by counsel, the decision on whether to file a motion to withdraw [a] plea is left with counsel." (*Brown*, at p. 1472.)

A defendant may move to substitute appointed counsel pursuant to *Marsden, supra*, 2 Cal.3d 118 either pre- or post-conviction. (*Smith, supra*, 6 Cal.4th at p. 694.) The decision whether to grant the defendant's motion " 'is within the [sound] discretion of the trial court.' " (*Id.* at p. 690.) Before exercising that discretion the court "must give the defendant the opportunity to explain the reasons for desiring a new attorney," and " 'must consider any specific examples of counsel's [alleged] inadequate representation . . . the defendant wishes to enumerate.' " (*Ibid.*) The court is not required to accept the defendant's claims, however; if a "credibility question between [the] defendant and counsel" arises, the court is " 'entitled to accept counsel's explanation.' " (*Id.* at p. 696.)

4

A trial court should grant a defendant's *Marsden* motion if the failure to replace appointed counsel will "substantially impair" their right to the assistance of counsel. (*Smith*, *supra*, 6 Cal.4th at p. 691.) Such "[s]ubstantial impairment . . . can occur when . . . appointed counsel is providing inadequate representation or when 'the defendant and the attorney have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result.' " (*People v. Clark* (2011) 52 Cal.4th 856, 912.) " ' "[T]actical disagreements between the defendant and [counsel] do not . . . constitute an 'irreconcilable conflict' " ' unless they portend a complete breakdown in the attorney-client relationship," however. (*Ibid*.)

Garza has not shown a substantial impairment of his right to counsel here. During the *Marsden* hearing Garza stated his complaints regarding appointed counsel's refusal to file a motion to withdraw his plea, and Judge Voelker "carefully inquired into them." (*Smith*, *supra*, 6 Cal.4th at p. 696.) The judge then permitted counsel to respond "point by point." (*Ibid*.) During her response counsel explained that Garza entered into the plea freely and voluntarily. He was not confused when he did so. Both she and a previous attorney discussed the plea offer with him, answered his questions, and advised him to take the offer given the disparity between what Judge Young was willing to accept and the sentence Judge Inumerable could ultimately impose if convicted at trial. Counsel's assessment that it would be inappropriate to move to withdraw the plea was thus well within "an objective standard of reasonableness [¶] . . . under prevailing professional norms." (*Strickland v. Washington* (1984) 466 U.S. 668, 688.) Accordingly, Judge Voelker was permitted to "respect and defer" to that assessment and deny Garza's *Marsden*

motion for failing to show ineffective or inadequate representation.  (*Brown*, *supra*, 175 Cal.App.4th at p. 1472; cf. *People v. Freeman* (1994) 8 Cal.4th 450, 481 [defendant's distrust of counsel who suggested he plead guilty did not state an adequate basis for substitution of counsel].)

Garza's comparison of this case to *People v. Sanchez* (2011) 53 Cal.4th 80 is misplaced.  In *Sanchez*, our Supreme Court disapproved the practice of appointing "a substitute or 'conflict' attorney solely to evaluate whether a . . . defendant has a legal ground on which to move to withdraw the plea." (*Id*. at p. 90.) That did not occur here.  Instead, Judge Voelker gave Garza the "opportunity to state any grounds for dissatisfaction with" appointed counsel's decision that it would be inappropriate to move to withdraw his plea, determined that "his right to counsel [had not] been 'substantially impaired,' " and declined to appoint substitute counsel "as attorney of record for all purposes." (*Sanchez*, at p. 90.)  *Marsden* requires no more.  (*Sanchez*, at p. 90; *Brown*, *supra*, 175 Cal.App.4th at p. 1472.)  It was not an abuse of discretion to deny the motion to substitute appointed counsel.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:


GILBERT, P. J.                              CODY, J.

6

Bruce A. Young, Judge

Superior Court County of Ventura

_____

Wayne C. Tobin, under appointment by the Court of
Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief
Assistant Attorney General, Susan Sullivan Pithey, Assistant
Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy
Attorneys General, for Plaintiff and Respondent.